# State, *ex rel.* Collman *v.* Pitts, Probate Judge.

*Mandamus.*

(Decided April 5, 1909. Rehearing denied May 11, 1909.
49 South. 449.)

1. *Statutes; General or Local; Prohibition Law.*—The state-wide prohibition law (Acts 1907, page 71, S. S.) is a general law within the meaning of section 110, Constitution 1901, although its operation is postponed in certain counties for a few months; this is true notwithstanding section 11 of said act retains existing special or local laws, since it prohibits the manufacture of liquors within the state and by its repeal of all conflicting acts has a field of operation broader than the local or special prohibition laws even in counties where they are retained.

2. *Same; Validity; Effect of Partial Invalidity.*—There will be left a valid and complete law expressing the legislative intent, even if it was necessary to eliminate therefrom parts of section 11 of said act which provide for the concurrent operation of the law with local statutes and authorizes concurrent prosecutions thereunder; so

[State, ex rel. Collman v. Pitts, Probate Judge.]

that with such parts of section 11 so eliminated, the general prohibition law is valid.

3. *Same; General or Local Laws.*—The fact that local laws were passed on the same subject at the same session and approved on the same day, does not render the general prohibition law a local law,

4. *Same; Enactment; Amendments.*—Although separately offered and reported, amendments to a pending bill may be voted upon in their entirety, and when so adopted they constitute but a single amendment.

5. *Same; Numbering Sections.*—If the number appears in the bill as adopted, the number by which a section of a pending bill is designated, (Section 45, Constitution 1901,) need not appear as a part of the substitute section.

6. *Same; Amendment.*—Where one house strikes an alternative or repeating part of a section of a pending bill is an immaterial change or correction which does not amount to an amendment.

7. *Same; Local or General Law.*—Although it does not apply in its every detail throughout the entire state a law which has a bona fide application to the entire state as to some of its chief features, is a general and not a local law, as defined by section 110, Constitution 1901.

8. *Constitutional Law; Construction of Statutes; Presumption of Constitutionality.*—Where a statute is susceptible of two meanings, the court will adopt the meaning which will uphold the statute rather than the one that would render it unconstitutional, although the construction given be the less natural one.

9. *Same.*—When law is so framed that it may be interpreted as a general law, the courts will adopt that interpretation to preserve its unconstitutionality as to notice of its passage, notwithstanding it is the duty of the court to declare a local law void where the requirements of section 106 of the Constitution has not been complied with.

10. *Statutes; Validity; Notice.*—The state-wide prohibition law will not be denominated a local law for the sole purpose of bringing it within the purview of section 106, Constitution 1901, so as to strike it down for want of notice of intention to apply for its enactment.
(Mayfield, J., dissents.)

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Mandamus by the state on the relation of Arthur Collman against P. H. Pitts, probate judge, to compel him as such probate judge to issue a license to relator to sell liquor. From an order denying the writ, relator appeals. Affirmed.

TROY, WATTS & LETCHER, and LEE H. WEIL, for appellant.—The enactment is local, and in construing it,

[State, ex rel. Collman v. Pitts, Probate Judge.]

it cannot be looked to alone, but must be read in connection with other acts of the same session in pari materia. Special acts passed contemporaneously or nearly so with general acts must be considered as exceptions to the more general expression of legislative will.—*Brinson v. The State,* 89 Ala. 105; *Nelden v. Clark,* 20 Utah 382; 26 A. & E. Ency of Law, 744. The act is unconstitutional.—*Coleman v. Town of Eutaw.*—47 South. 703; *Perry County v. Railroad,* 58 Ala. 556. It violates section 64 of the Constitution.—*State v. Rodgers,* 107 Ala. 444; Sutherland Statutory Construction, 79; *Montgomery B. Works v. Gaston,* 126 Ala.; *Cohn v. Kingston,* 49 Pac. 995; 110 Appellate Division; 184 N. Y. 431; *Bd. of Rev. v. Crowe,* 37 South. 469; *State, ex rel. Brown v. Porter,* 145 Ala. 41. When the senate and house voted upon the amendment jointly they violated section 63 and 64.—Cooley's Const. Lim. (7th Ed.) 201. It is violative of section 62.—*Walker v. City Council,* 139 Ala. 468. The enactment is an unwarranted and arbitrary interference with constitutional rights.—184 U. S. 540; 195 U. S. 169; 123 U. S. 205; 113 U. S. 923. Section 11 renders the entire act invalid.—26 A. & E. Ency of Law, 647; *Reese v. The State,* 73 Ala. 18; *Carlisle v. Goodwyn,* 68 Ala. 137. The concurrent operation of the local and general laws as provided by said section is impossible. —*Crider v. Talley,* 77 Ala. 422; *Arndt v. City of Cullman,* 132 Ala. 540; *Miles v. The State,* 40 Ala. 39; *Handey v. The State,* 121 Ala. 13; *State v. Whitworth,* 8 Port. 434; *Magruder v. The State,* 40 Ala. 347; *Caldwell v. The State,* 55 Ala. 133; *Sanders v. The State,* 58 Ala. 371; 44 S. W. 486; 96 Ala. 1; 95 Mass. 534; 100 Ala. 32; 44 N. W. 841. The law is local and not general.—*State ex rel. v. Thompson,* 142 Ala. 98. It violates the 14th amendment of the Federal Constitution.—108 Tenn. 92. It is a denial of the equal protection of the law.—159 U.

S. 73; 139 U. S. 462; 2 L. R. A. (N. S.) 813; 118 U. S. 356; 92 Mo. 41.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the state.

ANDERSON, J.—The act of 1907 (Sp. Acts, p. 71), known as the "state-wide prohibition law," expressly prohibits the manufacture, sale, etc., of alcoholic, spirituous, vinous, or malt liquors, etc., "within this state." Section 10 provides a penalty for a violation of same, and it is a plain and complete general law, as defined by section 110 of the Constitution of 1901. It is true that section 13 postpones the operation thereof, in certain counties, until the 1st day of January 1909, but it nevertheless applies, with full force and effect, to the entire state. It is but a question of a few months when it operates throughout the entire state, and without the aid of any additional legislation, and it falls squarely under the influence of the case of *State ex rel. Brown v. Porter,* 145 Ala. 541, 40 South. 144. It is not dependent upon the more liberal construction given section 110 of the Constitution of 1901 in the case of *Covington v. Thompson,* 142 Ala. 98, 38 South. 679, in order to fall within the definition of a "general law."

It is insisted, however, that it was rendered a local law by virtue of the proviso inserted in section 11, in that said proviso retains the local or special laws, and thereby must exclude this law from applying to any territory, except what was not then covered by local or special prohibitory laws. This proviso merely prevents a repeal of the special or local laws, in so far as they prohibit the sale or other disposition of any of the liquors mentioned in the first section of the act. The act in question does more than prohibit a sale or other disposition, as it prohibits the manufacture as well, and the

proviso does not exclude its operation in any county, in so far as it prohibits the manufacture of liquors, etc., as the local acts are only thereby retained, in so far as they prohibit the sale or other disposition of liquors, etc., as mentioned in the first section. If therefore the local laws do not cover all liquors mentioned in the first section of this act, then they operate only to prohibit the sale of such liquors as therein mentioned, and the present act would apply to those liquors or beverages covered by section 1 and not covered by the local laws. For instance: Many of the local laws may not be as broad as to liquors, beverages, etc., as the act in question. Therefore, when an article is sold or disposed of, which is not covered by the local law but is included in the present act, there would be a field of operation for both laws—the local law as to liquors therein prohibited, and the present act as to liquors therein prohibited, but which are not covered by the local law. It is clear that this act applies to the entire state, to the extent of prohibiting the manufacture, and repeals all laws in conflict therewith to this extent, as none of the local or special laws are retained in force, except in so far as they prohibit a sale or disposition. The law therefore, in this respect, applies to the entire state under any and all conditions, to the wet territory in all respects, and to the dry territory, not only to prevent the manufacture, but to prohibit the sale also, in case the local laws are not as broad as section 1 in the enumeration of the liquors, et., thereby prohibited. The result is that all the local or special laws can be retained to the exclusion of the present law, in so far as there may be a conflict, and still leave a field of operation for the present law, throughout the entire state, as to one of its chief features, notwithstanding it may not apply and operate in every part thereof in its every detail. If a law applies to

the whole state, it is a general law, as defined by section 110 of the Constitution of 1901, and would not be converted into a local one simply because it was limited as to certain parts thereof in some of its details. Here we have a law which applies to the whole state in some of its major parts, without the aid of additional legislation, but of its own force and effect, and notwithstanding the retention of the local laws for the purposes provided in section 11. Such a law, as was dealt with in the case of *Covington v. Thompson*, 142 Ala. 98, 38 South. 679, and which did not need additional legislation to enable it to operate in its major parts in every county in the state, and so much as was said, in that case, to the effect that when there are special laws already in operation, which must be repealed before the law can become operative, it is nevertheless a general law, was not decisive of said case, as the law there considered applied to the whole state and operated in every county, in its material parts. It needed no additional legislation to make it apply to the whole state, but it did so of its own force and effect, as does the law in question.

It is now insisted that so much of the proviso of section 11 as provides for a concurrent operation of this law with the local laws and authorizes prosecutions under either for the same offense, notwithstanding the punishment is different, is repugnant and void; that it contemplates the impossible, or, if such a thing as it does contemplate is possible, that it is a denial of equal protection of the law. In the recent well-considered case of *State v. Skeggs*, 46 South. 268, this insistence was construed as pertaining to the administrative feature of the law and which would not lead to its constitutional invalidity. We may here add that, even if so much of said proviso as pertains to the concurrent operation and prosecutions thereunder is void, it could well be strick-

[State, ex rel. Collman v. Pitts, Probate Judge.]

en without imparing the validity of the law, as we would have a good and complete law with this much of it excluded.—*Bradley v. State,* 99 Ala. 177, 13 South. 415; *State v. Davis,* 130 Ala. 148,30 South. 344, 89 Am. St. Rep. 23. "If by striking out a void exception, provision, or other restrictive clause, the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be made void by the invalidity of such part."—Lewis, Sutherland's Stat. Const. § 306. The subject of the present law is not changed or enlarged by the elimination of this much of the provision, nor is the territory over which it operates enlarged, and said portion of the provision can be well discarded and no violence done the legislative intent by a retention of the rest of the act.

The fact that local laws were passed, on this subject subsequent to the passage of the act in question, or that some were approved on the same day as this one, could not change it from a general to a local law, for in passing on the requirements of sections 106 and 110 of the Constitution of 1901 they must be considered in reference to the law as enacted, in and of itself, and not in connection with other separate and distinct laws dealing with the same subject and which might operate as a repeal of some parts of the law then considered. As enacted it was a general law, and the fact that certain local laws were passed at the special term, as to Lee and a few other counties, could in no way impair its generality at the time of its enactment. The constitutional provisions must be considered as applicable to each separate and distinct law, and not to a combination of various and sundry laws passed at the same session, or the same day, for that matter. The House Journal shows a compliance with section 64 of the Constitution

of 1901. The amendment adopted was entered at length as well as the names of those voting for and against the same. It is true, several amendments were reported, and each of them seems to have been adopted, and collectively they became an "amendment" to the bill. Notwithstanding they may have been separately offered or reported, yet the House had the right to vote upon them in their entirety, and when so adopted they constituted a single amendment.

Section 45 of the Constitution of 1901, among other things, provides that bills shall be divided into sections for convenience. The Journal recites that section 10 was stricken, and the section as set out was substituted therefor. This substitute section was placed between sections 9 and 11 and is preceded by the proper number. It is contended that the number was not properly there, because not appearing as a part of the substitute, that when the section was stricken the number went with it, and, as it does not appear in the substituted section, was improperly placed in the bill. The striking out of the section did not necessarily carry the number with it. The number was not of the contents or substance of the section, was put there to designate the section stricken, and could well remain and designate the substituted one. The striking out of the alternative or repeating part of section 12, by the Senate, was but an immaterial correction, and did not in the slightest degree amend or change the bill, no more than to have stricken out a repetition of the same word. The Journal sufficiently shows that the bill was acted upon by the temperance committee and was returned and reported upon.

The judge of the city court properly declined to issue the rule nisi to the probate judge of Dallas county, and the order in so doing is affirmed.

Affirmed.

[State, ex rel. Collman v. Pitts, Probate Judge.]

DOWDELL, C. J., and SIMPSON, DENSON, McCLELLAN, and MAYFIELD, JJ., concur in the conclusion and in the opinion, except in so far as it may tend to criticise or qualify the case of Covington v. Thompson, supra.

## ON REHEARING.

ANDERSON, J.—Counsel in brief upon rehearing insist that the construction placed by this court upon the act in question renders it a local law, because, notwithstanding it may apply to the entire state, in its major parts, unless it does so in its every feature and detail, it is a local law. It is further contended that the conclusion of the court is contrary to the weight of authority, in defining a "general law." We will later on allude to the authorities cited, but for the present will suggest that, if they comply with counsel's contention, they could have but little application, in defining a general law, as designated by the Constitution of 1901, and which, unlike its predecessors, by its own terms and in its own language defines general, local, and special or private laws, thus giving but little latitude to the courts, and which said definition is as follows: "A general law within the meaning of this article, is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole." The law in question applies to the entire state and is not confined to any political subdivision of same. It may not apply in its very detail throughout the entire state, but can that fact convert it into a local law as defined by section 110 of the Constitution of 1901? It cannot be a local law, unless its application is restricted to a political subdivision or subdivisions, less than the entire state, and is a general law, because it does, in some of its major parts,

[State, ex rel. Collman v. Pitts, Probate Judge.]

apply to the entire state. If the proviso excluded the law, in its entirety, from operating in counties covered by local prohibitory laws, then there might be some merit in the contention that said proviso converted it into a local law; but it is not excluded, by a retention of the local laws, from applying to and having some field of operation throughout the entire state.

Whether or not certain parts of the opinion in the case of *Covington v. Thompson, supra,* is dictum, does not prevent its being an authority, to point to the conclusion that the act in question is a general law, as defined by section 110 of the Constitution of 1901. Said case construed Acts 1903, p. 438, which provides for all elections in the state, and which covered the entire subject and included every office, state and county, from Governor to constable, inclusive. It needed no additional legislation to make it apply to the entire state. It is true, it excepted from its influence and operation a few superintendents of education, in certain counties, and did not therefore operate in its every detail with uniformity throughout the state. It would not only have been a legal absurdity to have construed this state-wide election law to be a local one, but such a construction would be a prostitution of section 110 of the Constitution of 1901. The result is that, whether the Covington opinion should or should not be qualified, it is an authority in support of the holding that the present law is a general one, as defined by the Constitution of 1901. If qualified, as the writer thinks it should be, it supports the conclusion in the case at bar. If not qualified, and which is deemed unnecessary by a majority of the court, it more than supports the conclusion in the present case, for the definition there adopted, in effect, makes a law a general one, if intended as a bona fide state-wide

law, notwithstanding it does not operate in any of its parts throughout the state and cannot do so until certain local laws, excluding its operation, are repealed. Therefore the law in question must be a general law, as it operates, in some of its parts, throughout the entire state, and of its own force and effect, and is not dependent upon the very liberal construction given section 110 of the Constitution in the *Covington Case.*

We do not wish to hold that a law which might apply in the main to a particular subdivision of the state would become a general law because of the fact that some minor or insignificant feature of same was made applicable to the entire state, for the sole purpose of avoiding the requirements of section 106 of the Constitution of 1901 as to notice, etc., and that it would answer to the definition of section 110; but we do hold that when a law is passed and which bona fide, as to some of its material and important features, applies to the whole state, it will not be converted into a local law, because it does not operate in its every detail throughout the state. To hold that every law enacted as a general one, and which deals with state-wide questions, becomes local, because qualified and limited in some of its details to meet local requirements and conditions, would render it practically impossible to pass general laws, as to schools, creating and regulating courts throughout the entire state, etc., and at the same time vary the minor details thereof, so as to meet the exigencies or differences of various localities confronted with different conditions. We could not regulate the schools of the state without making the law operate with uniformity to every school. There could be no school opened or closed at different hours in different localities, no difference whatever in management, control, or operation in the slightest detail, except by a local law, no general law

regulating the pleading and practice in the courts of the state, unless it fixed the day for pleading, etc., the same in each county. Nor could there be a general jury law, unless it operated in its every detail and feature to every court and county in the state, regardless of local conditions. We are not willing to hold that the Constitution means that a law is not a general one, unless it operates in its every detail throughout the state, notwithstanding it may have a bona fide application to the entire state in its material parts, for to do so would relegate us almost exclusively to local laws for relief, when it was the manifest purpose of the present Constitution to dispense with local laws, as far as practicable, when the relief can be obtained by a general law.

Most of the authorities cited have been examined, and, as to those of other states, we will say that as a rule the laws there condemned failed in all of their parts or details to operate as to subject or territory throughout the entire state; but, as heretofore set out, our Constitution is self-defining as to general, local, and special laws, is almost, if not quite, sui generis, in this particular, and definition of general laws could have but little bearing upon passing upon a clause in a Constitution that is self-defining. The case of *Holt v. Mayor*, 111 Ala. 373, 19 South. 735, relied upon as defining a general law different from the one applied to the case at bar, and the *Covington* and *Skeggs Cases* can be reconciled with these cases. Whether the definition there given of a general law is or is not correct, it was not decisive of the case, in so far as it said it must operate throughout the state upon all of the people alike, as the opinion further states, "City after city has been excepted from its operation"—not from the operation of some of its features, but from its operation in toto. Moreover, it must be borne in mind that this *Holt Case* was decided be-

fore the adoption of the present Constitution, and under one which had no self-defining clause similar to section 110 of the present one. Nor can it be said that the framers of the present Constitution intended by section 110 to adopt the definition of a general law as given in the *Holt Case supra,* for, if they so intended, section 110 would read, "A general law is a law which operates throughout the state alike upon all the people or all of a class," and not as it does read, "A general law within the meaning of this article is a law which applies to the whole state." There is an expression in the case of *State ex rel. v. Sayre,* 142 Ala. 646, 39 South. 240, to the effect that the term as used in the two Constitutions is identical in meaning; but the writer evidently lost sight of the fact that there was quite a change in the two Constitutions. Moreover, the definition there given was not necessary to decide the case, as the law in question had no application, in any respect, to the entire state, but applied in its every detail to a few counties only. Besides, said expression was in direct conflict with the holding in the *Covington Case,* which has been repeatedly followed by this court.

That there has been some confusion and perhaps inconsistency in defining a general law, we must confess, and this was evidently what caused the framers of our last Constitution to insert section 110 defining said laws. This section being of recent enactment and peculiar unto itself, this court has had but little guidance in the interpretation of same, as most of the authorities in this and other states were inapt; but we have attempted to interpret the clause according to its mandate, and, at the same time, to so construe it as to not render legislation practically impossible. Courts are not called upon to jump at conclusions and pronounce void all laws, simply because it may not be clear and plain that they

are in accord with the Constitution. On the other hand, it is an established rule of construction, which makes it the imperative duty of the court to uphold a statute, when it is fairly susceptible of two interpretations, one of which will uphold its constitutionality, and the other defeat it, though the adoption of the former be the less natural. *Ut res magis raleat quam pereat.—Quartelbaum v. State,* 79 Ala. 3. While it may be the imperative duty of the court, under section 106 of the Constitution of 1901, to strike down all local or special laws, unless the Journal shows that notice was given of the intention to apply for the passage of same, it is also our duty to not construe a law as a local one, when it is so worded and framed as to be interpreted as a general rather than a local law, in order to save its constitutionality. This is an established rule of interpretation, which should and must be followed, regardless of the purpose of the law involved, or whether it be wise or unwise legislation. The Legislature is the arbiter of the merit and wisdom of laws, and courts must construe them so as to carry out the intent of the legislature, provided they can be so construed as to harmonize with the Constitution, and all doubt and intendment must be resolved in favor of their constitutionality. The law in question does apply to the entire state, and is not confined to a political subdivision less than the whole, and cannot be denominated a "local law" for the sole purpose of bringing it within the influence of section 106 in order to strike it down.

The next insistence is that the proviso of section 11 cannot be eliminated without striking down the whole act. A careful reading of the opinion will show that we never sanctioned or suggested the elimination of the entire proviso; but so much thereof as retained the local laws, for a limited purpose, was reconciled with the

other parts of the act. As to the penalty feature of said proviso, we followed the *Skeggs Case* in holding that so much thereof as was complained of, as being discriminatory and incongruous, was administrative, and merely added that this much of the proviso could be stricken, without doing violence to the whole act. Moreover, it must be borne in mind that we are not dealing with a prosecution under this act, but with the appellant's right to a license to sell whiskey. When discriminations are made in the prosecution of violators, the question of equal protection may arise, but not until then—"sufficient unto the day is the evil thereof." We did not hold or intimate that the entire proviso of section 11 should or could be stricken, but only so much thereof as provided for concurrent prosecutions.

The application is overruled.

MAYFIELD, J.—I concur in the affirmance of this case, and in the opinion of the court to the effect that the statute in question was constitutionally enacted, that it is a general law and not a local one, and that for all purposes of this appeal it is a valid law. I am of the opinion, however, that what is said in the majority opinion with reference to section 11 of the act (Acts Sp. Sess. 1907, p. 75) is necessarily dictum. This section, if it has any operation or effect whatever upon the law in question, relates exclusively to the administrative features of the law. The section in question is not enacting at all. It was intended solely as a repealing section. Its only purpose, object, or possible effect is to expressly repeal certain other laws. The most that can be said against it is that it is not so worded as to make it certain and definite as to all those laws intended to be repealed. The worst that has been, or can be, said of it, is that it may be said to attempt the impossible; that

is, to retain in force and effect one law which would be inconsistent with another and subsequent one. I do not think that it attempts this; but, if it does, what of it? It must necessarily fail in the attempt. This failure does not render either of the laws void or valid. They both remain as they were before the futile attempt.

It must be remembered that this section 11 is solely and exclusively the repealing part of the statute in question. It is not at all intended as, and in fact is in no wise, an enacting part of the statute in question. It was clearly and certainly not intended to enlarge or restrict the operation or effect of the statute in question, but relates solely to other and different laws; that is, it attempts to repeal some other laws and to retain some others which would otherwise be repealed. This section may or may not repeal any other law. It may or may not retain any other one which would otherwise be repealed without the clause or section; but whatever effect it may have on other laws, it does and can have no effect on this statute in question, of which it is a part. A repealing section or clause of a statute is not a necessary part of the statute. The statute may or may not contain such clause or section. The statute is as valid without it as it is with it.—*Lane v. Kolb*, 92 Ala. 636, 9 South. 873. The repealing section or clause, if such there be, may be wholly valid or wholly void, without adding to or detracting from the validity or invalidity of the statute itself of which it is a part.

If the section of the act in question attempted to limit or to extend the operation and effect of the statute of which it is a part, there might be some force in the argument that it may render the statute void by converting it into a local law. Besides, being a repealing section exclusively, it reiterates and declares that, not only the statute of which it is a part shall extend to the entire

state, and shall be given effect throughout the state, but attempts to give effect, concurrently with it, to other local statutes which may be inconsistent in some respects with certain provisions of the general law. There is, therefore, no doubt that the general law applies to the entire state, and to every person in the state. The only doubt is whether the local prohibition laws, or parts thereof, are repealed or retained. The only possible doubt is as to the local, not as to the general, law. The proper time to decide that question is when the constitutionality of the local law is raised and comes before us for decision.

Another potent reason why this question should not be gone into on this appeal is that the only possible conflict or trouble between the general and local laws is as to the penalty provided by the respective laws. This is conceded, and confessed by every one to be the only reason why both laws cannot be enforced in the same territory. This pertains exclusively to the administrative feature of the law. It goes alone to the efficiency of the enforcement of the law, and not to the prohibitive or inhibitive features of the law. This pertains alone to the effect and policy, and not to the validity, of the law. The law would be perfectly valid, though not effective, without any penalty whatever for its enforcement. The appellant is applying to a probate judge for a license to sell intoxicating liquors. It is of no concern to him, or to the probate judge, that no one can be convicted or punished for violating the law. The only statute authorizing the probate judge to issue him a license has certainly been expressly and impliedly repealed, and the doubtful proviso of section 11 makes no attempt to retain such statute so repealed. The probate judge, without this statute, which is clearly repealed, has no authority or power to issue a license. No court ought to

·compel him by mandamus to do that which he has no right or authority to do, nor can any court restore to him power or authority which the legislature has taken away from him. It is clearly and certainly unlawful for any person to sell intoxicating liquors in this state. I take it that every man, woman, and child in this state, of average intelligence, who can read, knows this, as matter of fact as well as of law, if the statute in question is ·constitutionally enacted. That it provides bad penalties for its violation, or inconsistent and contradictory or absurd penalties, or no penalties at all, and that it cannot be enforced, and will therefore be a dead letter on the statute books, and though it may not deter its violation, yet it does not authorize a probate judge to issue a license to one to violate it. The last question is the only one raised on this appeal, and the only one that should be decided.

Should appellee issue a license to appellant to sell intoxicating liquors? This is the only question to be decided. If appellant should violate the law, and the state should attempt to punish him therefor, then will be the proper time for him to raise the validity of the law as to its penalty or punishment provided. Appellant, in an application for a license to sell liquors, has no concern with the penal laws of the state. His rights and remedies are prescribed and determined by the civil laws and remedies. Yet the most grievous part of appellant's complaint is the fear that two or more citizens in the future may violate the criminal laws of the state, and, if they do, that they cannot be punished without punishing them differently, because of section 11 of the prohibition statute—that this would violate the "equal protection" clause of the fourteenth amendment of the federal Constitution, as well as the provisions of the state Constitution as to the passage by the Legislature

of general and local laws. Is this sufficient, if true, to authorize the probate judge to issue to him a license? If the license should issue, would it prevent the prospective calamity? Will it not be time enough to consider these grave constitutional questions when some unfortunate or lawless citizen violates the criminal law, and the state undertakes to punish him for his offense? Are we to pass upon these questions before they arise? Can anything we say or decide, in this case, bind or protect the state or any citizen as to his constitutional rights, if he be so unfortunate as to be put on trial for violating the prohibition laws of the state?

Appellant and the probate judge to whom he applied for a license, the circuit or city court to which he applied for mandamus to compel the probate judge to issue a license to sell liquors, and this court on the appeal, have no concern as to the prohibition law, except to determine whether or not it repealed section 5760 and subdivision 59 of section 2361 of the Code of 1907. These are the statutes with which appellant is concerned. If these statutes are now in force, he is unquestionably entitled to a license to sell liquors, provided he complies with the requirements therein specified. If they are not in force, then he has no right to a license, and the probate judge, no authority to issue same. So these are the statutes directly in question, and not the prohibition statute. If the prohibition statute in question repealed the sections of the Code expressly or by implication, then appellant was not entitled to a license, and the probate judge was without authority to issue a license. If the prohibition statute was constitutionally enacted, and as to this there is no doubt, because this court has several times decided that it was, then there can be no doubt that these sections of the Code, which alone authorize and provide for the issuance of a license to sell

liquors, were repealed. Section 1 of the prohibition law clearly and certainly repeals these sections of the Code by implication, and section 11 of the same act repeals them expressly. As to any question raised on this appeal, it is wholly immaterial whether the prohibition law prescribes any penalty at all, or whether it provides inconsistent or redundant penalties, which cannot be enforced without violating the federal or state Constitutions.

Hence the only question that could be properly raised or decided on this appeal, relative to the prohibition law, are: (1) Was it constitutionally enacted? (2) Did it repeal the sections of the Code authorizing and regulating the issuance of a license to sell intoxicating liquors? All other questions as to such statute are wholly immaterial, and whatever can be said in the decision of this case is purely gratuitous and mere dictum.