28 So.2d 565

### STATE ex rel. ROUNTREE et al. v. SUMMER, Mayor.

#### 8 Div. 349.

Supreme Court of Alabama.

Oct. 17, 1946.

Rehearing Denied Jan. 16, 1947.

Ben L. Britnell and S. A. Lynne, of Decatur, for appellants.

546

Peach & Caddell, of Decatur, for appellee.

LIVINGSTON, Justice.

This appeal is from the order and judgment of the Morgan County Court of Morgan County, Alabama, denying a peremptory writ of mandamus.

The State of Alabama, ex rel. Charles T. Rountree, et al. petitioned said court to issue the writ to require H. R. Summer, as mayor of the city of Decatur, Alabama, to call an election submitting to the qualified electors of Decatur the question of whether or not the city should adopt the commission form of government provided for in Act No. 242 of the 1945 Legislature of Alabama, approved June 28, 1945, General Acts 1945, page 361, Code 1940, Tit. 62, § 388(1) et seq. Decatur comes within the population classification limits of said Act, and is now functioning under what is generally known as the "aldermanic" form of government.

The petition alleges in substance a compliance with the procedural requirements of section 91, Title 37, Code of 1940, except that the mayor refused to call an election. As will be noted later, the 1945 Act, supra, adopts section 91, Title 37, Code.

The mayor of Decatur answered, and insofar as is necessary for our decision under the pleadings, proof and arguments in briefs, alleged in substance, first, that the legislative act of 1945 was violative of section 106 of the Constitution of Alabama, in that, it was a local law passed under the guise of a general statute without publishing notice of the intention to apply therefor; second, that on the 12th day of October 1945, an election was held in the city of Decatur to determine whether or not the city should be organized under the commission form of government as provided in Article 2, Chapter 4, Title 37, Code of 1940, as last amended. That said

election was called and held in pursuance of and in accordance with the provisions of section 91, Title 37, Code; and that said election resulted in the defeat of the proposed plan to change from the "aldermanic" form of government to the commission form of government for the city of Decatur, and that the question of adopting said plan could not be resubmitted to the voters of said city within two years after October 12, 1945.

In sustaining demurrers to that phase of appellee's answer, the trial court ruled that Act No. 242, supra, passed by the Legislature of 1945, was not violative of section 106 of the Constitution of 1901; but the court further held that the question of adopting the commission form of government for Decatur could not be resubmitted to the voters of said city within two years after October 12, 1945, and denied the peremptory writ of mandamus.

By cross-assignment of error, section 746, Title 7, Code of 1940; Amended, Supreme Court Rule of Practice No. 3, Code 1940, Tit. 7 Appendix, 240 Ala. page XVI, appellee insists that the trial court was in error in not striking down Act No. 242, supra.

■ It was said in Wages v. State, 225 Ala. 2, 141 So. 707, 708: "This court has long committed itself, in line with the holdings of other courts, to the proposition that population classification, made the basis for enactments, would be sustained in cases where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrarily. Acts passed as general laws, based upon such population classification, and meeting the above tests, are valid in that respect, although at the time of their enactment they can and do only apply to one county or city in the state." See, also, Ward v. State, 224 Ala. 242, 139 So. 416, and cases therein cited.

And whether a statute deals with the form of city government or the powers of such government, the legislative power to enact laws applicable to a class based on a population basis is the same. State, ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553.

■ In passing upon the validity of Act No. 242, supra, we will of course indulge all presumptions and intendments in favor of its constitutionality, and will accord to the lawmaking body of the State government sincerity of purpose and fairness in dealing with the people of the State; and we will not assume that the population classification was arbitrarily fixed, but rather that their action, in the given instance, was fairly taken and had for the purpose of meeting conditions that it honestly thought existed, or might exist, in cities within the classification fixed.

■ After a careful consideration of the entire Act in question, we have reached the conclusion that it is a general law within the meaning of the Constitution, and is not violative of section 106 thereof.

■ We are of the further opinion and hold that the question of changing from the "aldermanic" to the commission form of government for Decatur cannot be resubmitted to the voters of said city within two years after October 12, 1945.

Act No. 242, supra, expressly repealed all laws and parts of laws, general and local, in conflict with it. It also expressly adopts section 91, Title 37, Code of 1940, in reference to procedural requirements in changing to the commission form of government.

Section 91, Title 37, supra, in pertinent part, provides:

"If said plan is not adopted at the special election so called, the question of adopting said plan shall not be re-submitted to the voters of said city for adoption within two years thereafter and then the question to adopt said plan may be re-submitted in the manner above provided."

■ But it is argued that, although Act No. 242, supra, contains the same prohibition against resubmitting to the voters the question of changing from the "aldermanic" to the commission plan of government within two years after it has been adopted, the election held on October 12, 1945, was held under and by virtue of the

548

provisions of Article 2, Chapter 4, Title 37, Code of 1940, and not under the Act of 1945, Act 242, supra. The procedure for calling and holding an election is the same under both acts. No contention is here made that the election held on October 12, 1945, was void for any reason. If it was not void, it was, of necessity, held under and by virtue of the provisions of the 1945 Act, Act No. 242, supra. This must be so because our cases have emphasized the principle that there can be but one system of laws under a single commonwealth to control the effect of a certain transaction. All laws in relation to it must be construed together forming one whole harmonious plan, none of whose provisions must conflict. If there is an irreconcilable conflict, that which was enacted last takes precedence. When an act contains requirements as to that transaction, they supersede requirements of previous acts which conflict with them. There is one system of laws consistent in all respects as to a certain transaction, though that system may embrace a part or all of several enactments which may not refer to each other, but directly relate to that transaction. Patterson v. Jefferson County, 238 Ala. 442, 191 So. 681: see, also, 59 Corpus Juris 1042, 1047, 1048; Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894. Insofar as cities within the population classification of Act No. 242, supra, the 1945 Act, are concerned, that Act alone applies. They cannot hold an election under any other law. The 1945 Act, supra, is the only one which authorizes an election in such cities.

The procedure followed in calling and holding the election of October 12, 1945, is the identical procedure provided for calling and holding an election under Act No. 242, supra.

Regardless of the significance vel non of the fact that in respect to the election of October 12, 1945, the petition to the judge of probate, the notice of the judge of probate to the mayor of Decatur, and the call for an election by the mayor, all refer to Article 2, Chapter 4 of Title 37, Code of 1940, *as last amended*, the said election was held under the law as it then existed, and that law was, insofar as Decatur was concerned, Act No. 242, supra, the Act of 1945. That Act provides that the question of adopting the commission plan of government cannot be resubmitted to the voters of said city within two years after it has been rejected.

We are not unmindful of those cases which hold that the legislature may provide more than one plan for governing cities and towns, a complete legislative act, with the further provision that a city or town may adopt one of the several plans provided. But that is not the question here presented. There is but one law under which the city of Decatur, a Class D city, can change from the "aldermanic" to the commission form of government, and that law is the law expressed in Act No. 242, supra, Act of 1945, page 361.

There was no error in the trial court's refusal to grant the peremptory writ of mandamus, and the cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER, SIMPSON, and STAKELY, JJ., concur.

BROWN and LAWSON, JJ., dissent.