78 So.2d 1

## OPINION OF THE JUSTICES.

### No. 137.

Supreme Court of Alabama.

Feb. 16, 1955.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of House Resolution No. 16, which reads:

"Resolved, That the Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give the House of Representatives their written opinions concerning an important constitutional question which has arisen in connection with HB # 38, now pending in the Legislature, as follows:

"HB # 38 proposes to amend Section 1 of Act No. 621, H. 906, approved September 15, 1953, entitled 'An Act To provide an expense allowance to members of the court of county commissioners, board of revenue or like governing body of all counties having a population of not less than 24,500 nor more than 25,725 according to the last or any subsequent federal decennial census' (1953 Acts, vol. II, p. 880). HB # 38 is applicable only to Franklin County, and proof of publication of notice of intention to apply for its enactment has not been made to the House pursuant to Section 106 of the Constitution. Can HB # 38 be validly enacted at this session of the Legislature."

■ The rule applicable to this problem is well settled. "The difference in population must be substantial, and the classification must be made in good faith and reasonably related to the purpose to be effected by the act. These conditions appearing, the fact that at the time the law may be applicable to only one political subdivision of the state, will not suffice for its condemnation.

If, on the other hand, the classification is not in good faith, bears no reasonable relation to the difference in population upon which it rests in view of the purpose to be effected by such legislation, and was arbitrarily fixed, the law will be condemned as local, and as having been passed merely under the guise of a general law in violation of our Constitution." Ward v. State, 224 Ala. 242, 139 So. 416, 417. Only a few illustrations are necessary to show the nature of H.B. No. 38. In Reynolds v. Collier, 204 Ala. 38, 85 So. 465, an act pertaining to the salaries of county judges in counties having a population between 23,150 and 23,250 was deemed to be a local law. In Anderson v. State, 206 Ala. 301, 89 So. 452, two members of the court thought that a classification of counties between 18,125 and 18,900 bore no reasonable relationship to the creation of a county solicitor. The majority chose to write the case off on another point. A population spread between 46,500 and 48,000 was said to be insufficient to enact a general law creating a barber commission. Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699. In the case of Vaughan v. State, 212 Ala. 258, 102 So. 222, an act authorizing $600 for transportation expenses for sheriffs in counties having a population of not more than 58,501 and not less than 53,401 was declared a local law and held void for non-compliance with Section 106 of the Constitution.

■ The fact that H.B. No. 38 proposes to amend a former act does not change the status, since the other act stands on the same footing and the Legislature cannot give life to a dead act by amending any of its provisions at a later session. If the original act is unconstitutional and void, the amending act is likewise void. Cobbs v. Home Ins. Co. of New York, 18 Ala.App. 206, 91 So. 627, certiorari denied Ex parte Home Ins. Co. of New York, 207 Ala. 712, 91 So. 922.

■ From the foregoing considerations the conclusion seems inevitable that H.B. No. 38 does not classify counties but designates a county, and could not be enacted into law without a compliance with Section 106 of the Alabama Constitution of 1901.

We pretermit consideration of other constitutional questions, since the inquiry is limited to Section 106.

Respectfully submitted,
J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES J. MAYFIELD
Associate Justices.