81 So.2d 295

In re OPINION OF THE JUSTICES.

No. 139.

Supreme Court of Alabama.

April 6, 1955.

426

The House of Representatives propounded questions to the Justices of the Supreme Court, under Code 1940, Title 13, § 34, relating to the validity of House Bill No. 85, proposing to authorize establishment of a branch office by saving and loan associations in counties within certain population classification. The Justices were of the opinion that the proposed act would be a local law, under Constitution Section 106, since the population classification fixed bears no reasonable relation to the purposes of the act.

Questions answered.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of the House Resolution No. 24, which was presented to us as follows:

"Resolved by the House of Representatives, that the Justices of the Supreme Court of Alabama, or a majority of them, are respectfully requested to give this body their written opinions concerning the following important constitutional questions which have arisen in connection with H. 85, by Mr. Brannan, a bill pending before the Legislature relating to the establishment of a branch office by any savings and loan association in counties having a population of not less than 40,500 nor more than 45,000 inhabitants, according to the last or any subsequent decennial federal census. Said H. 85, without its title, is quoted in words and figures as follows:

" 'Be It Enacted By The Legislature Of Alabama:

" 'Section 1. This Act shall apply in all counties having a population of not less than 40,500 nor more than 45,000 inhabitants, according to the last or any subsequent federal decennial census.

" 'Section 2. Any savings and loan association created and operating under the authority of Chapter II, Title 5, Code of Alabama (1940), as amended, may, with the approval of the Savings and Loans Commissioner, State Department of Commerce, open, establish, and maintain a branch office in any municipality within such county other than the municipality in which it is presently operating.

" 'Section 3. All laws or parts of laws which conflict with this Act are repealed.

" 'Section 4. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.'

"Question 1. Does the bill propose a general law within the meaning of Section 110 of the Constitution?

"Question 2. Since the Act would be presently applicable to Baldwin County only, does the bill propose a local law within the meaning of Section 106 of the Constitution?

"Question 3. Assuming that notice of intention to apply for its enactment was given as required by Section 106 of the Constitution, would the provisions of the Act be violative of subdivision 18 of Section 104 of the Constitution?

"Question 4. Making the same assumption as in Question 3, would the Act be violative of Section 105 of the Constitution?

"Question 5. Again making the same assumption as in Question 3, would the Act violate Section 248 of the Constitution?

"Resolved further, that the Clerk of the House be directed to transmit, forthwith, seven true copies of this Resolution to the Clerk of the Supreme Court."

It is the Opinion of the Justices that the questions propounded lend themselves to the following answers:

1. The application of Section 110 of the Constitution of Alabama, 1901 to the inquiry of the resolution was foreshadowed and resolved on 16 February 1955 by Opinion of the Justices, No. 137, Ala., 78 So.2d 1.

█ For the Act contemplated by the resolution for Advisory Opinion to be *general,* the classification of counties by population must rest upon substantial differences in population which reasonably relate to the purposes of the Act. Otherwise, under Section 110 of the Constitution, 1901, the Act is *local.* Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699. There appears no reasonable basis for the limitation of the applicability of H. 85 to counties with a population of not less than 40,500 nor more than 45,000, so as to bring the Act within the purview of our decisions relative to general acts passed on population classification.

█ 2. It is our opinion that the proposed Act would be a local law within the meaning of Section 106 of the Constitution of Alabama 1901. We do not reach this conclusion solely because the law would be presently applicable to Baldwin County alone. This decision we rest upon the basis that the population classification contemplated bears no reasonable relation to the purposes of the Act. Opinion of the Justices, ante, p. 180, 78 So.2d 1.

We respectfully decline to answer the other questions presented in the resolution at this time, in so much as they seek to elicit our opinion in regard to matters not presently before the Legislature and which may never arise.

Respectfully submitted,

J. ED LIVINGSTON.
THOMAS S. LAWSON.
ROBERT TENNENT SIMPSON.
DAVIS F. STAKELY.
JOHN L. GOODWYN.
PELHAM J. MERRILL.
JAMES J. MAYFIELD.