82 So.2d 344

## OPINION OF THE JUSTICES.

### No. 148.

Supreme Court of Alabama.

Aug. 22, 1955.

The Senate propounded a question to the Justices of the Supreme Court, under Code 1940, Tit. 13, § 34, as to whether a pending bill for an act to create and establish in any county in the State having a population not less than 225,000 nor more than 500,000, a domestic relation division of the circuit court, proposes a general law, within Section 110 of the Constitution of 1901. The Justices were of the opinion that the bill proposes a general law.

Question answered in affirmative.

The Senate of Alabama
State Capitol
Montgomery, Alabama

Dear Sirs:

We acknowledge receipt of Senate Resolution No. 51, as modified by Senate Resolution No. 66, requesting an advisory opinion with respect to Senate Bill 291. The question asked is as follows:

"Does the bill propose a general law within the meaning of Section 110 of the Constitution?"

We assume, for the purposes of this advisory opinion, that the point of interest is whether the population classification as shown in Section 1 of the bill renders the bill a local law, thereby requiring its publication pursuant to Section 106, Constitution 1901. The pertinent part of Section 1 of the bill is as follows:

"Section 1. A domestic relations division of the circuit court is hereby established in every county in the State having a population of not less than 225,000 nor more than 500,000 inhabitants, according to the last or any subsequent federal decennial census. * * *"

In State ex rel. Ward v. Henry, 224 Ala. 224, 228, 139 So. 278, it was stated as follows:

" * * * The act is general in form, based upon a population classification. We have approved this character of legislation, provided the substantial difference in population was in good faith, and was reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and was not merely arbitrary, though at the time it may be applicable to only one subdivision of the state. Reynolds v. Collier, 204 Ala. 38, 85 So. 465. Much must, in this re-

gard, be left to legislative discretion, and it is the duty of the court not to construe a law as local when it is so worded and framed as to be reasonably susceptible of interpretation as a general law. Reynolds v. Collier, supra."

To the same effect are the following: Taxpayers and Citizens of City of Mobile v. Board of Commissioners of City of Mobile, 252 Ala. 446, 454, 41 So.2d 597; Opinion of the Justices, 249 Ala. 511, 514, 31 So.2d 721; State ex rel. Rountree v. Summer, 248 Ala. 545, 547, 28 So.2d 565; Ex parte Ashton, 231 Ala. 497, 499, 165 So. 773, 104 A.L.R. 54; State ex rel. Shirley v. Lutz, 226 Ala. 497, 500, 147 So. 429; Walden v. City of Montgomery, 214 Ala. 409, 410–411, 108 So.2d 231; Reynolds v. Collier, 204 Ala. 38, 39–40, 85 So. 465.

It is our opinion, in the light of the foregoing authorities, that Senate Bill 291 is a general law within the meaning of Section 110, Constitution 1901. At the present time the bill has application only to Mobile County, which is the second largest in the State. However, under the terms of the bill its provisions automatically apply to other counties as they come within the bill's population classification. The difference in the population classification is substantial, and it seems to us that the purpose of the bill—the establishment of a domestic relations division of the circuit court—is reasonably related to the bill's relatively high population classification. We find nothing on the face of the bill indicating that the difference in population is arbitrarily fixed; nor do we find anything which would justify a conclusion that it was not fixed in good faith.

Our answer to your question is, "Yes".

Respectfully,

THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES J. MAYFIELD
Justices.