155 So.2d 513

**OPINION OF THE JUSTICES.**

No. 176.

Supreme Court of Alabama.

July 23, 1963.

The Senate requested an opinion of the Justices of the Supreme Court as to the relating to the method of election and term of office of members of the Board of Commissioners of cities having a population of not less than 16,000 nor more than 26,000. The Justices were of the opinion that the bill proposes enactment of a general law constitutionality of pending House Bill 639, within Section 110 of the Constitution.

Question answered.

## SENATE RESOLUTION 25

RESOLVED BY THE SENATE OF ALABAMA, That the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to to give this body their written opinions concerning the following important constitutional question which has arisen in connection with the pending bill, H.B. 639, relating to cities operating under the commission form of government which have populations of not less than 16,000 nor more than 26,000, according to the 1960 or any subsequent decennial census of the population of the United States, a bill presently applicable only to the city of Talladega, which was introduced without notice and proof as required by Section 106 of the Constitution:

Does this bill propose enactment of a general law within the meaning of Article 4, Section 110 of the Constitution of Alabama 1901?

The Senate of Alabama
State Capitol
Montgomery, Alabama

Dear Sirs:

We acknowledge receipt of Senate Resolution 25 requesting an advisory opinion with respect to pending House Bill 639. You ask us this question:

"Does this bill propose enactment of a general law within the meaning of Article 4, Section 110, of the Constitution of Alabama 1901?"

. We assume, for the purposes of this advisory opinion, that the point of interest is whether the population classification as shown in Section 1 of the Bill renders the Bill a local law. This section provides. as follows:

"Section 1. The members of the Board of Commissioners of any City under the Commission form of government, having a population of not less than 16,000, nor more than 26,000, inhabitants according to the 1960, or any subsequent decennial census of the population of the United States, shall be elected on the third Tuesday in August, 1963, and every four years thereafter, and such Commissioners shall hold office for a term of four years from the first Monday in October following, and until their successors are elected and assume the duties of office."

From State ex rel. Ward v. Henry, 224 Ala. 224, 228, 139 So. 278, 281, is the following:

" * * * The act is general in form, based upon a population classification. We have approved this character of legislation, provided the substantial difference in population was in good faith, and was reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and was not merely arbitrary, though at the time it may be applicable to only one subdivision of the state. Reynolds v. Collier, 204 Ala. 38, 85 So. 465. Much must, in this regard, be left to legislative discretion, and it is the duty of the court not to construe a law as local when it is so worded and framed as to be reasonably susceptible of interpretation as a general law. Reynolds v. Collier, supra."

To the same effect are the following: Opinion of the Justices, 263 Ala. 304, 305, 82 So.2d 344; Taxpayers and Citizens of City of Mobile v. Board of Commissioners of City of Mobile, 252 Ala. 446, 454, 41 So. 2d 597; State ex rel. Rountree v. Summer,

248 Ala. 545, 547, 28 So.2d 565; Ex parte Ashton, 231 Ala. 497, 499, 165 So. 773, 104 A.L.R. 54; State ex rel. Shirley v. Lutz, 226 Ala. 497, 500, 147 So. 429; Walden v. City of Montgomery, 214 Ala. 409, 410–411, 108 So.2d 231; Reynolds v. Collier, 204 Ala. 38, 39–40, 85 So. 465.

It is our opinion, in the light of the foregoing authorities, that House Bill 639 is a general law within the meaning of Section 110, Constitution 1901.

We find nothing on the face of the bill indicating that the difference in population is arbitrarily fixed; nor do we find anything that would justify a conclusion that it is not fixed in good faith and is not "reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof."

Our answer to your question is "yes".

Respectfully,
J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
ROBERT B. HARWOOD
Associate Justices