207 So.2d 667

**G. C. BRITTAIN, Judge of Probate**

**v.**

**W. S. WEATHERLY.**

**7 Div. 791.**

Supreme Court of Alabama.

Feb. 22, 1968.

—◆—

Wilson, Propst & Stewart, Anniston, for appellant.

684

Emerson & Galbraith, Anniston, for appellee.

SIMPSON, Justice.

The sole question presented by this appeal is the constitutionality of a legislative act relating to changing the form of government in cities of populations between 30,000 and 45,000, and more specifically, is the act a local law or a general law with local application. If the former, it is unconstitutional; if the latter, it is valid. The trial court held the act to be unconstitutional. We cannot agree.

The appellee filed his verified bill of complaint alleging that a petition, purportedly signed by at least ten per cent of the qualified voters of the City of Anniston, asking that the question of the adoption of the council-manager form of government for that city be submitted to the qualified voters thereof under the provisions of Act 404 of the 1953 Regular Session of the Legislature of Alabama; that this required the mayor to call an election, or if, after ten days the mayor failed to call the elec-

tion, the Judge of Probate should call it; that the act is unconstitutional because it is a local law under § 106 of the constitution and was not advertised and that it was not a general law, although it was passed as such. The prayer of the bill asked that the respondents, the mayor and the Probate Judge, be enjoined from calling or conducting such election.

Act 404, Acts of Alabama, 1953, p. 472, approved August 26, 1953, provides that any municipality in Alabama which has a a population between 30,000 and 45,000 may change its form of government from any other form to the council-manager form as defined in the act. The act prescribes the features of this form of government, including the number of wards and councilmen.

The trial court held that the act was unconstitutional because it was a local law and had not been advertised as all local laws must be under § 106 of the constitution. The appeal was taken in the name of the Probate Judge.

■ It is the duty of courts to sustain the constitutionality of a legislative act unless it is clear beyond a reasonable doubt that it is in violation of the fundamental law. State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283; Norton v. Lusk, 248 Al. 110, 26 So.2d 849.

In State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473, this court said:

"It is a well-recognized rule that it is the duty of the court to uphold a law when it is fairly susceptible of two interpretations, one of which maintains its constitutionality and the other strikes it down, though the adoption of the former be the less natural: and 'it is also our duty to not construe a law as a local one, when it is so worded and framed as to be interpreted as a general rather than a local law, in order to save its constitutionality.' State ex rel. Collman

v. Pitts, supra [160 Ala. 133, 49 So. 441, 686]. This of course results from the rule that, before a statute is stricken as unconstitutional, the court must be convinced beyond all reasonable doubt."

Again in State ex rel. Conrad v. Board of Revenue and Road Com'rs, 231 Ala. 18, 163 So. 345, we said:

"We are firmly committed to the proposition that a statute should not be held to be local, where, by its terms, given a reasonable and fair construction, it may be interpreted as a general law, and its constitutionality. thereby sustained."

■ We have held that even though an act, when passed, applies to one city only, this is not the test of whether it is a local or general law. If it will apply to all other cities as they come within the class based on population, the law is a general law just so it does not amount to a designation rather than a classification because of its limitations and arbitrary character. Taxpayers and Citizens of City of Mobile v. Board of Commissioners of City of Mobile, 252 Ala. 446, 41 So.2d 597; Reynolds v. Collier, 204 Ala. 38, 85 So. 465; State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 So. 461.

Act 404 applied to Anniston only when enacted, but presently applies also to Bessemer, Dothan, and Florence because those cities have grown into the population classification.

■ The effect of our decisions has been that when there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; but if the classification bears no reasonable relation to the difference in population, upon which it

rests, in view of the purpose to be effected by such legislation, and clearly shows that it was merely fixed arbitrarily, guised as a general law, and, in fact is a local law, it is then in plain violation of the constitution and cannot be upheld. Reynolds v. Collier, 204 Ala. 38, 85 So. 465; Opinion of the Justices, 262 Ala. 180, 78 So.2d 1; Opinion of the Justices, 263 Ala. 304, 82 So.2d 344; Smith v. Lancaster, 269 Ala. 579, 114 So.2d 568; City of Birmingham v. Samford, 274 Ala. 367, 149 So.2d 271; Opinion of the Justices, 275 Ala. 409, 155 So.2d 513.

As to the population classification, in the last cited Opinion of the Justices, 275 Ala. 409, 155 So.2d 513, we opined that a law relating to the method of election and terms of office of commissioners in cities of population of 16,000 to 26,000, applying at that time to the City of Talladega only, was a general law and we said:

"We find nothing on the face of the bill indicating that the difference in population is arbitrarily fixed, nor do we find anything that would justify a conclusion that it is not fixed in good faith and is not 'reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof.'"

In State ex rel. Rountree v. Summer 248 Ala. 545, 28 So.2d 565, this court found an act relating to the form of municipal government with a population classification of 15,000 to 17,500 to be a general act. And in State ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553, also relating to the form of government for the City of Gadsden, we held that a population classification of 24,000 to 40,000 was sufficient to make the act a general law.

We have been cited to no case by this court relating to the form of municipal government, where we have held it a local law when the law was based upon a population classification.

The next question arises—is it reasonably related to the purpose to be effected? Our answer is in the affirmative.

The present form of government of Anniston was created by an act based on a population classification of 24,000 to 40,000. —Act No. 234, Acts of Alabama 1939. In that act there was no method provided for changing the form of government, except the ever-present method of change by an act of the legislature. Act 404 gives the people of all cities in its population classification an opportunity to vote on whether they desire a change provided a sufficient number petition for an election. We deem that there is ample reasonable relation to the purpose to be effected.

We conclude that Act 404 is a general and not a local act under § 110 of the constitution, and being such is not in violation of § 106 of the constitution.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.