PATTERSON, Judge.
The appellee, C.T. Golden, was charged with permitting dogs to run at large, a misdemeanor which is defined by § 3-1-5, Code of Alabama 1975, as follows:
“(a) Every person owning or having in charge any dog or dogs shall at all times confine such dog or dogs to the limits of his own premises or the premises on which such dog or dogs is or are regularly kept. Nothing in this section shall prevent the owner of any dog or dogs or other person or persons having such dog or dogs in his or their charge from allowing such dog or dogs to accompany such owner or other person or persons elsewhere than on the premises on which such dog or dogs is or are regularly kept. Any person violating this section shall be guilty of a misdemeanor and shall be fined not less than $2.00 nor more than $50.00.
“(b) This section shall not apply to the running at large of any dog or dogs within the corporate limits of any city or town in this state that requires a license tag to be kept on dogs nor shall this section apply in any county in this state until the same has been adopted by the county commission of such county. (Acts 1915, No. 185, p. 259; Code 1923, § 3221; Code 1940, T. 3, § 5.)”
The trial court, without a jury, heard the evidence from the prosecution and the defense. However, the court did not rule on the question of Golden’s guilt. Rather, it declared that “the law with which the defendant is charged, Code of Alabama 1975, § 3-1-5, is unconstitutional and is there *942 fore void.” The trial court, in its written order, explained this ruling as follows:
“It is the finding of this Court that Code of Alabama, 1975, § 3-1-5 requires adoption by the County Commission of Lee County as provided for in the Constitution of Alabama of 1901, Art. IV, Sec. 106[1] as amended by Amendment No. 341. Said section and amendment provides that no special, private, or local law shall be passed, unless notice of the intention to apply therefore shall have been published in the county where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four (4) consecutive weeks in some newspaper published in the county. It is further the finding of this Court that the Lee County Commission, by resolution on February 12, 1979, attempted to adopt Alabama Code, 1975, § 3-1-5. By the Commission’s failure to strictly comply with the notice requirements mandated by the Alabama Constitution, the Lee County Commission’s action is unconstitutional and the Ordinance is therefore void.”
It is upon this order that the State of Alabama appeals.
In addressing the court’s ruling that § 3-1-5 is an unadvertised local law, passed in violation of art. IV, § 106, we first consider whether § 3-1-5 is a local law; for if not, it does not fall within the purview of the section. Section 106, by its express language, applies only to a “special, private, or local law.” In determining whether § 3-1-5 is a general law and constitutional, or a local law and unconstitutional, we are guided by the relevant, well established principles of law delineated in Crosslin v. City of Muscle Shoals, 436 So.2d 862, 863 (Ala.1983), which are as follows:
“(1) It is the duty of courts to sustain the constitutionality of a legislative act unless it is clear beyond a reasonable doubt that it is in violation of the fundamental law. Brittain v. Weatherly, 281 Ala. 683, 685, 207 So.2d 667, 668, 669 (1968).
“(2) A court is duty bound not to construe the act as a local one when it is so framed as to be reasonably susceptible of interpretation as a general law. State ex rel. Montgomery v. Merrill, 218 Ala. 149, 152-155, 117 So. 473, 476 (1928).
“(3) A statute that has a ‘bona fide application to the entire state in some of its chief features’ is a general law, though it does not apply in every detail throughout the entire state. State ex rel. Collman v. Pitts, 160 Ala. 133, 134, 49 So. 441, 442 (1909).
“(4) Whether a statute is general and valid, or local and invalid, must be determined from the statute as a whole. The legislative mind is to be read from an act as a whole. Dillon v. Hamilton, 230 Ala. 310, 160 So. 708 (1935).”
Art. IV, § 110, Ala. Const.1901, provides the following:
“A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation.”
*943 We note that § 110 has been amended by Amendments 375 and 397, ratified in 1978 and 1982, respectively. By these amendments, the definitions of a “general law” and a “local law” have been changed.[2] However, these amendments were not in effect at the time § 3-1-5 was passed. Hence, the classification of § 3-1-5 is to be determined under the definitions in the original § 110, as quoted above. See Jefferson County v. Braswell, 407 So.2d 115, 117 (Ala.1981).
In any case, we find that § 3-1-5 is clearly a general law as defined by our constitution and, thus, outside the purview of § 106. Section 3-1-5 is known as a “local option statute.” As such, it applies to all counties that choose to adopt it; by its terms, it does not apply to any particular locality to the exclusion of others. See Jefferson County v. Braswell, 407 So.2d at 118 (citing 2 C. Sands, Sutherland Statutory Construction § 40.01, at 137 (4th ed. 1973)) (wherein the court noted that the § 110 definition of a “local law” is consistent with the view that “[a] local law has been defined as one that applies to a particular locality or particular localities to the exclusion of others”).
“A law operative throughout the state, which grants equally to all in a class an option to avail themselves of the provisions of the act by adoption thereof and declares such provisions to be in force wherever adopted, is general, regardless of the number adopting it, unless an exercise of the option within its terms has a tendency, not to uniformity, but to diversity and to the production of results that are special and local; but the fact that an option may be exercised by some and not by others within the class does not affect the uniform operation of the law if all who do accept are to be governed alike.”
82 C.J.S. Statutes § 164 (1953) (footnotes omitted). Cf. Opinion of the Justices, 238 Ala. 291, 190 So. 906 (1939) (wherein the court ruled that a proposed statute, applicable to every county, providing local option stock law with the county as the unit and prohibiting the running of livestock at large until county electéd to be an “Open Range County” was a general law). See also Thomas v. Alabama Municipal Electric Authority, 432 So.2d 470, 479 (Ala. 1983). The instant statute applies to the whole state, for it gives, to all counties, the option to avail themselves of the statute's provisions.
We note that, assuming arguendo that § 106 had been applicable to the instant statute, “[a]ll infirmities of legislative procedure in enacting an original act are cured when that act is incorporated into a code and the code adopted by the legislature.” Fuller v. Associates Commercial Corp., 389 So.2d 506, 509 (Ala.1980). Section 3-1-5 was originally enacted in 1915 and has been codified in every subsequent code. In reviewing an act of 1915 which had been declared violative of § 106, our supreme court in Brandon v. State, 233 Ala. 1, 173 So. 238, 240 (1936), held the following:
“Section 106 of the Constitution has no application to the adoption of the Code, and, therefore, though the act of 1915 was passed in violation of section 106, its codification and adoption as part of the Code of 1923 made it valid.”
Finally, we further note that, had the requirements of § 106 been applicable, it would have been the legislature, not the Lee County Commission, that would have been required to follow § 106. The section calls for “notice of the intention to apply therefor,” which means notice of intent to introduce the bill in the legislature, with said notice being four consecutive weeks prior to the bill’s introduction. McDowell v. Columbia Pictures Corp., 281 Ala. 438, 203 So.2d 454, 457 (1967). See also Adam v. Shelby County Commission, 415 So.2d 1066 (Ala.1982).
*944 Based on the foregoing, the trial court’s ruling is reversed. Because Golden admitted, during his testimony, to facts that constitute the essential elements (that two of his dogs were in the deer pens of the Deer Research Project of Auburn University on property belonging to Auburn University) and because the evidence is uncon-troverted, we remand for entry of a judgment of guilt and proper sentencing.
REVERSED AND REMANDED.
All Judges concur.

. Art. IV, § 106, reads as follows:
"No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the legislature, and said proof spread upon the journal. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section.”

. Art. IV, § 110, as amended by Amendments 375 and 397, defines a general law as "a law which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than the whole in a class.” It further states the following: “A special or private law is one which applies to an individual, association or corporation. A local law is a law which is not a general law or a special or private law.”