86 So.2d 1

**OPINION OF THE JUSTICES.**

**No. 154.**

Supreme Court of Alabama.

March 16, 1956.

The House of Representatives
State Capitol
Montgomery, Alabama.

Dear Sirs:

We are in receipt of House Resolution No. 14, which reads:

"Whereas, important constitutional questions are presented by House Bill No. 70 (copy of which is hereto attached) now pending in the Legislature of Alabama;

"Now, Therefore, Be It Resolved by the House of Representatives of Alabama that the Justices of the Supreme Court of Alabama are hereby

respectfully requested to render an opinion, as provided for in Title 13, Section 34, of the Code of Alabama of 1940, on the following important constitutional questions:

"(1) Will the said bill, if enacted, constitute a local law within the meaning of Sections 104, 106 and 110 of the Constitution of Alabama of 1901?

"(2) Do the provisions of the said bill imposing a special recording fee violate Section 96 of the Constitution of Alabama of 1901?"

We will hereafter refer to House Bill No. 70 simply as the bill. We see no reason for copying the bill or for referring to all of its provisions; hence, we will make reference only to those parts which we think are necessary to an understanding of our answers to your questions.

The bill imposes upon the judge of probate of each county of this state having a population of not less than 225,000 nor more than 525,000, according to the last or any subsequent federal census, the duty of collecting a "special recording fee of $1.00" upon the filing for record in his office of instruments affecting the title to real and personal property, which fee is to be in addition to all other fees, taxes and charges presently imposed upon the filing for record of such instruments. The judge of probate is required to pay such special fees into the county treasury where they are to be credited to the account of a special fund and are to be expended solely in connection with the costs incident to the installation and maintenance of an improved system of indexing and recording instruments affecting the title to real and personal property.

The bill is general in form, based upon a population classification whereby its provisions can be presently applicable only to Mobile County. We have held legislation of this character to be general where the difference in population is substantial, the classification is made in good faith and is reasonably related to the purpose to be effected by the act. In re Opinion of the Justices, 263 Ala. 304, 82 So.2d 344, and authorities cited. The difference in the population classification set up in the bill is substantial and it appears to us that the purpose of the bill is reasonably related to the population classification. We find nothing on the face of the bill indicating that the difference in population is arbitrarily fixed; nor do we find anything which would justify a conclusion that it was not fixed in good faith.

But before we can say that the bill is general rather than local, we must give consideration to the second question, that is, whether the special recording fee which the bill imposes is within the prohibitions of § 96 of the Constitution of 1901, which reads: "The legislature shall not enact any law not applicable to all the counties of the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers." True, Mobile County and some of the other counties are not subject to the strictures of § 96, supra, by reason of amendments applicable to those counties. But there are other counties in the state still controlled by § 96. A law may be valid as to Mobile County and some others but invalid as to those counties which are still under the influence of § 96. We have held that a statute is local which creates a classification of counties by population, if it cannot ever apply to some counties until there is an amendment of § 96 applicable to them. See cases cited in Opinion of the Justices, 255 Ala. 656, 53 So.2d 367.

We are of the opinion, however, that the special recording fees with which we are here concerned do not constitute "costs and charges of courts" within the meaning of § 96 of the Constitution of 1901. Fees collected for the recording of instruments in the office of the judge of probate are entirely unconnected with litigation and the act of recording instruments in that office does not involve the exercise of a judicial function. We think it is equally clear that the special recording fees provided for in the bill do not constitute "fees, commissions or allowances of public officers" within the meaning of § 96 of the Constitution. The

recording fees provided for in the bill are not to be paid to any public officer but, as heretofore indicated, are required to be held in the county treasury in a special fund and expended only for the purpose of effecting the installation and maintenance of the improved indexing and recording system. See Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Board of Revenue of Jefferson County v. Kayser, 205 Ala. 289, 88 So. 19.

In view of the foregoing discussion, we are of the opinion that both of your questions should be answered in the negative and they are so answered.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice

THOMAS S. LAWSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
Associate Justices.