864 So.2d 1100 (2002)
Vivian Lucille BROWN
v.
WAL-MART STORES, INC.
2000925.
Court of Civil Appeals of Alabama.
November 1, 2002.
Certiorari Denied May 16, 2003.
*1101 Robert W. Lee, Jr., and Wendy N. Thornton of Lee & Thornton, P.C., Birmingham, for appellant.
Charles F. Carr and Joseph H. Driver of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Birmingham, for appellee.
Alabama Supreme Court 1020278.
MURDOCK, Judge.
In this case, an employee challenges the validity of a "utilization review" conducted on behalf of her employer under our Workers' Compensation Act, Ala.Code 1975, § 25-5-1 et seq. ("the Act"). The trial court rejected that challenge. We affirm.
The record reveals the following: On November 7, 1992, Vivian Lucille Brown suffered an injury to her left arm and left shoulder while working for her employer, Wal-Mart Stores, Inc. In May 1994, Brown filed an action seeking workers' compensation benefits from Wal-Mart. In January 1996, the parties entered into a settlement agreement relating to Brown's injury and filed the settlement agreement with the trial court for its approval. The settlement agreement provided, in pertinent part:
"The parties have made it known to the Court that they have reached an agreement to settle this claim, subject to the approval of the Court, for the sum of $30,000.00 as a full and complete settlement of any and all claims for [workers'] compensation benefits under the [Workers'] Compensation Act of Alabama, including temporary total disability, permanent partial or permanent total disability benefits, with the defendant remaining liable to the plaintiff for medical benefits as required by the [Workers'] Compensation Act of Alabama which was in effect at the time of said accident."

(Emphasis added.) The trial court entered a judgment adopting the settlement agreement "as the Court's Order in this case." After the judgment was entered, Brown continued to experience chronic pain related to her injury, and Wal-Mart continued to provide medical benefits to herprimarily by paying for various pain medications.
In August 1999, Dr. Jeff Pirofsky, Brown's authorized treating physician, referred Brown to Dr. Sandra Durham for pain management treatment. Dr. Durham prescribed various narcotic pain medications to treat Brown's chronic pain. Wal-Mart became concerned about the long term use of potentially addictive narcotic pain medications and submitted Dr. Durham's proposed treatment plan for utilization review. In May 2000, Dr. Robert Ross, a utilization-review panel physician, opined that "it is not appropriate to treat chronic pain (which is not caused by cancer or terminal illness) with narcotics." Based on Dr. Ross's opinion, Wal-Mart stopped paying for the narcotic pain medications. When Wal-Mart stopped paying, Brown stopped taking the narcotic pain medications because, she says, she cannot afford to pay for them.
In November 2000, Brown filed a motion seeking to have Wal-Mart held in contempt, alleging that Wal-Mart had improperly denied authorization for payment of the medications prescribed Dr. Durham. At a hearing on her motion, Brown withdrew her request to hold Wal-Mart in contempt and proceeded on what the trial court characterized as a "motion requesting the trial court to compel Wal-Mart to *1102 authorize and pay for medical treatment." The trial court denied that motion based on Brown's failure to exhaust the procedures or remedies available under the employer's utilization-review procedures; the trial court entered a judgment accordingly. Brown appeals from that judgment.
Section 25-5-293(k), Ala.Code 1975, was added to the Act by amendment in 1992, see Act No. 92-537, 1992 Ala. Acts § 40(k).[1] It allows an employer to conduct "medical-necessity determinations" and "utilization review[s]," but only if the employer adopts and follows procedures for doing so that are consistent with state regulations contemplated by the Act. See generally, Ala.Code 1975, § 25-5-1(19) (defining "utilization review"). Section 25-5-293(k) provides, in pertinent part:
"Notwithstanding any other provision of this section to the contrary, it is the intent of this section that any and all utilization review ... [and] medical necessity determinations, ... which relate to the services of physicians ... shall only be conducted under and in accordance with policies, guidelines, or regulations which have been jointly approved by the Workers' Compensation Medical Services Board and the director [of the Department of Industrial Relations] under the provisions of Section 25-5-312, as and when such policies, guidelines, criteria, and regulations are adopted in a final and effective form pursuant to the Alabama Administrative Procedure Act.... If such above referenced pending policies, guidelines, criteria, or regulations have not become effective in a final form pursuant to the Administrative Procedure Act ... then until such time as they are finally adopted ... utilization review, [and] medical necessity determinations ... [shall be conducted] in a manner that is consistent with similar practices of a majority of commercial insurance companies authorized to issue policies of health insurance in this state."
(Emphasis added.)
In accordance with § 25-5-293(k), the director of the Department of Industrial Relations promulgated rules and regulations relating to utilization review, bill screening, medical-necessity determinations, and audits, see Ala. Admin. Code, r. 480-5-5-.01 et seq. ("the regulations"), which became effective September 16, 1996.[2] The regulations contemplate a process of potentially five steps that now must serve as the predicate for any decision by an employer to deny payment for a medical treatment prescribed by an authorized physician. See § 25-5-293(k) (providing that medical-necessity determinations "shall only" be conducted in accordance with the regulations "as and when such... regulations are adopted in a final and effective form pursuant to the Alabama Administrative Procedure Act"). The first four steps of this process constitute what *1103 is known as a "utilization review."[3]
On appeal, Brown first argues that the application to this case of a utilization-review procedure adopted by her employer pursuant to regulations adopted after her injury occurred amounts to an impermissible retroactive application of the regulations. Specifically, Brown argues that, because the regulations became effective in 1996, after her 1992 injury, neither those regulations nor any procedures adopted pursuant to those regulations can properly be applied to medical treatments prescribed for her injury.
It is undisputed that Wal-Mart adopted medical-necessity and utilization-review procedures consistent with the regulations, and that it followed those procedures in denying payment for the disputed medical treatment. While it is true that Brown's injury occurred before the effective date of the regulations, the treatment at issue was first recommended by Brown's physician and therefore first became an issuein 2000. At that time, Wal-Mart was operating under utilization-review procedures it had previously adopted in accordance with regulations that, by then, had been in effect for approximately four years.[4] We therefore reject Brown's first argument; the regulations were not applied retroactively in this case.
Brown next contends that the utilization-review regulations are a nullity because, she says, they are not in harmony with an employee's rights under § 25-5-77(a), Ala.Code 1975, regarding medical treatment. Section 25-5-77(a) ends as follows:
"In addition to the compensation provided in this article and Article 4 of this chapter, the employer ... shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of reasonably necessary medical and surgical treatment and attention... [and] medicine ... as the result of an accident arising out of and in the course of employment.... All cases of dispute as to the necessity and value of the services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation."

(Emphasis added.) Brown argues that the utilization-review regulations allow an unauthorized nontreating physician to alter the course of an employee's medical treatment prescribed by an authorized treating physician, and thus, she argues, they provide an avenue for an employer to dictate the course of an employee's medical treatment, contrary to § 25-5-77(a), Ala.Code 1975. Citing State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 69 So.2d 426 (1953), and Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977 (1935), Brown argues that, because the regulations yield a result contrary to § 25-5-77(a)'s provision for disputes over the necessity of medical services to be resolved *1104 by a court of law, the regulations should be considered invalid.
Brown's argument is apparently premised on the notion that, after the adoption of § 25-5-293(k) in 1992 and the subsequent promulgation of the regulations, an employee must exhaust any utilization-review procedures adopted by his or her employer before the employee may resort to a court to vindicate his or her right to a given medical treatment. If this premise was valid, there would at least be a tension between the regulations, on the one hand, and § 25-5-77(a) and the employee's right to seek judicial relief thereunder, on the other hand. In Ex parte Southeast Alabama Medical Center, however, we held that an employee need not exhaust an employer-adopted utilization-review procedure before resorting to the circuit court to vindicate his or her right to reasonably necessary medical treatment. 835 So.2d at 1054-55. In the present case, therefore, Brown's argument is without merit; we see no conflict between the regulations and § 25-5-77(a).
Lastly, Brown contends that the regulations violate several constitutional provisions, including §§ 1, 13, 22, and 95 of the Alabama Constitution and the Equal Protection Clause of the 14th Amendment to the United States Constitution. Brown's constitutional claims are based on the faulty premises that the regulations alter an employee's right to seek judicial relief under the last sentence of § 25-5-77(a) quoted above and that the regulations were applied retroactively to a medical treatment prescribed for her 1992 injury. If those premises are not accepted as true, there is no substance to her contentions. Because we conclude that the regulations do not alter an employee's right under § 25-5-77(a) in the manner presumed by Brown and that the application of the 1996 regulations to a medical treatment prescribed in 2000 is not a retroactive application of the regulations, we decline to address Brown's constitutional claims further.
We realize that our ruling today affirms a trial court's judgment requiring an employee to exhaust an employer-provided utilization-review procedure before being able to seek a judicial determination that the medical treatment at issue is, in fact, reasonable and necessary, and that such a result is contrary to our holding in Ex parte Southeast Alabama Medical Center. The employee in this case, however, did not argue either to the trial court or to this court, as did the employee in Ex parte Southeast Alabama Medical Center, that the doctrine of exhaustion of administrative remedies does not apply to such utilization-review procedures. To the contrary, as already discussed, Brown's arguments both to the trial court and to this court were actually premised on the notion that the exhaustion doctrine does apply to utilization-review procedures. We will not reverse a trial court's judgment based on arguments not presented to the trial court or based on arguments not made to this court. See, e.g., Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988); Boshell v. Keith, 418 So.2d 89 (Ala.1982).
The employee in this case argues simply that the regulations are invalid. They are not. We therefore find no basis in this appeal upon which to reverse the trial court.
AFFIRMED.
CRAWLEY, J., concurs.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur in the result.
*1105 PITTMAN, Judge, concurring in the result.
In Ex parte Southeast Alabama Medical Center, 835 So.2d 1042 (Ala.Civ.App.2002), this court held that an employee need not exhaust an employer-adopted utilization-review procedure before filing a complaint in the circuit court. Judge Thompson's well-reasoned dissent in that case concluded that the utilization-review procedures authorized by § 25-5-293 are an administrative prerequisite to obtaining a determination of the dispute in the trial court pursuant to § 25-5-77(a) in those cases in which an employer has implemented such utilization-review procedures. Thus, based on my concurrence with Judge Thompson's dissent in Ex parte Southeast Alabama Medical Center, I would affirm the trial court's judgment in this case as well. Therefore, I concur only in the result.
NOTES
[1] Section 55 of Act No. 92-537 provided that "[t]his act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law." Act No. 92-537 was approved by the Governor on May 19, 1992.
[2] We recently stated in Ex parte Southeast Alabama Medical Center, 835 So.2d 1042 (Ala.Civ.App.2002), that "§ 25-5-293(k) would have permitted employers to engage in medical necessity [determinations] even if the Director of the Department of Industrial Relations had never acted to promulgate any regulations under § 25-5-293(k)," because "the statute provides that, before adoption of formal regulations, employers could have made such determinations so long as they did so `in a manner that [was] consistent with similar practices of a majority of commercial insurance companies.'"
[3] For a more detailed review of the regulations and the medical-necessity and utilization-review procedures provided for in those regulations, see Ex parte Southeast Alabama Medical Center, 835 So.2d 1042 (Ala.Civ.App. 2002).
[4] Moreover, Brown's argument is based on a faulty premise, namely, that if the regulations were not applicable to her injury, Wal-Mart could not have refused to pay for a treatment recommended by an employer-authorized physician. As we explained in detail in Ex parte Southeast Alabama Medical Center, even before adoption of Ala.Code 1975, § 25-5-293(k), and the regulations promulgated pursuant thereto, employers had a right to refuse to pay for treatments that were not "reasonably necessary," and any resulting dispute between the employer and the employee would be determined by a court of law. 835 So.2d at 1046-47.