Yellow Dog Development, LLC ("Yellow Dog"), appeals from a summary judgment in favor of Bibb County, the Bibb County Commission, and Jerry Pow, in his official capacity as Bibb County Probate Judge (hereinafter referred to collectively as "the County"), in Yellow Dog's action challenging the constitutionality of a "special transaction fee" ("the Fee"), payable to the Bibb County Probate Judge, upon the transaction of any "public business" in that office. We affirm.
This action began on May 22, 2000, when Yellow Dog filed a two-count complaint containing class-action allegations against the County. Count one sought a judgment declaring that Local Act No. 93-521, Ala. Acts 1993 ("the Act"), which authorized the Fee, violated Ala. Const. 1901, § 104(24), and Amendment No. 332, Ala. Const. 1901. Count one averred, in pertinent part:
 "20. The Act raises the fees of one of the courts for Bibb County — the Probate Court — in violation of Amendment 332 of the Alabama Constitution of 1901; specifically, the Act did not call for a vote of the people of Bibb County for approval of the special transaction fee. As such, the Act, and all funds raised under the Act, were raised illegally, and are due to be returned to the persons, corporations, firms, or entities that paid the same, with any and all appropriate interest.
". . . .
 "22. The Act is a local act, applicable and operative only in Bibb County, Alabama. Article IV, Section 104(24), of the Alabama Constitution of 1901, forbids the Legislature from passing 'a special, private, or local law in any of the following cases: (24) [the] [c]reating, increasing, or decreasing fees, percentages, or allowances of public officers.' The Act, on its face, is violative of Article IV, Section 104(24), in that it is a local act that increases the fees of a public office, to wit: the Probate Judge of Bibb County." *Page 41 
(Emphasis added.) Count two sought, among other things, "[t]he imposition of a constructive trust . . . upon the . . . monies obtained by the [County]," and "[a]n award to Yellow Dog . . . [of] damages for the [County's] conduct in the amount equal to the additional court costs and fees that [they were] forced to pay." The trial court granted the County's summary-judgment motion, and Yellow Dog appealed.
In its entirety, the "Summary of Argument" section of Yellow Dog's appellate brief asserts:
 "The Act is violative of Art. IV, § 104(24), Ala. Const. (1901), which prohibits the Alabama Legislature (by passage of a special, private or local law) from creating, increasing, or decreasing fees, percentages, or allowances of public officers, i.e. — the Bibb County Probate Judge. The Act is also violative of Amendment 332 of Ala. Const. (1901) inasmuch as it was passed without a referendum election to seek the approval of the qualified electors of Bibb County of the Act; the referendum requirement of 332 is mandatory, not permissive."
Yellow Dog's brief, at 10. Indeed, Yellow Dog's argument on appeal is limited to the validity of the Act in relation to only two constitutional provisions: § 104(24) and Amendment No. 332.
The Act provides, in pertinent part:
 "In addition to all other fees and costs provided by law, a special transaction fee not exceeding two dollars ($2) shall be paid to the Bibb County Judge of Probate when any public business is transacted in his or her office. The special additional transaction fees shall be collected by the judge of probate and deposited in the county general fund for appropriation for the improvement and computerization of the probate office."
(Emphasis added.) Section 104(24) provides: "The legislature shall not pass a special, private, or local law . . . [c]reating, increasing, or decreasing fees, percentages, or allowances of public officers." Amendment No. 332 provides, in pertinent part:
"Costs and Charges of Courts, and Compensation of
"Certain Officers of Bibb County
 "The legislature may, from time to time, by general or local laws applicable to or operative in Bibb county and approved by a majority of the qualified electors of Bibb county at a referendum election, fix, regulate, and alter the costs and charges of court and the fees, commissions, allowances, and salaries, including the method and basis of their compensation, to be charged or received by the probate judge, the circuit clerk and the register, the tax assessor, and the tax collector of Bibb county; and may place any or all of such officers on a salary and provide for the fees, commissions, allowances, and percentages collectible by such officers to be paid into the treasury from which their salaries are paid."
(Emphasis added.)
It is undisputed that the Act is a "local law applicable to or operative in Bibb county." It is further undisputed that the Act became effective on May 13, 1993, without a "referendum election" and without "approv[al] by a majority of the qualified electors of Bibb county." Nevertheless, we cannot — based on the arguments presented by Yellow Dog — declare the Act or the Fee unconstitutional.
We begin our analysis with a number of oft-declared principles. First, this Court will not "reverse a trial court's judgment based on arguments not presented to the trial court or based on arguments not made to this [C]ourt." Brown v. *Page 42 Wal-Mart Stores, Inc., [Ms. 2000925, November 1, 2002] 864 So.2d 1100,1104 (Ala.Civ.App. 2002). See also Pate v. Rollison Logging Equip.,Inc., 628 So.2d 337, 343 n. 2 (Ala. 1993); Smith v. Equifax Servs.,Inc., 537 So.2d 463 (Ala. 1988). This principle applies with particular force to issues involving the constitutionality of a statute. This is so, because "'[i]n reviewing the constitutionality of a statute, we "approach the question with every presumption and intendment in favor of
its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government."'" House v. Cullman County,593 So.2d 69, 71 (Ala. 1992) (quoting Moore v. Mobile Infirmary,592 So.2d 156 (Ala. 1991)) (emphasis added).
Yellow Dog argues that the Act "creates" or "increases" the "fees, percentages, or allowances of [a] public officer" in Bibb County, in violation of § 104(24). Therefore, Yellow Dog argues, the Act must comply with Amendment No. 332, which, the argument goes, was enacted to authorize such legislation. The Act, however, does not comply, Yellow Dog insists, because it does not require a referendum election for its implementation.
In this connection, it must "`be borne in mind . . . that [state] legislative power is not derived either from the state or federal constitutions. Apart from limitations imposed by these fundamental charters . . ., the power of the [state] legislature has no bounds and is as plenary as that of the British Parliament.'" Alabama AlcoholicBeverage Control Bd. v. City of Pelham, [Ms. 1011803, February 28, 2003]855 So.2d 1070, 1077 (Ala. 2003) (quoting Alabama State Fed'n of Laborv. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 814-15 (1944)). In other words, the Legislature may legislate by local act, except with regard to those subjects as to which the constitution specifically speaks to the contrary. See Drummond Co. v. Boswell, 346 So.2d 955, 958 (Ala. 1977). However, the sole constitutional restriction upon which Yellow Dog relies is § 104(24). Thus, if the Fee does not constitute a "fee, percentage, or allowance of [a] public officer," as that phrase is used in § 104(24), then Amendment No. 332 has no application to the Act, and compliance with the referendum provision of that amendment is unnecessary. Otherwise stated, if the Fee is not the "allowance of a public officer," then § 104(24) is no constitutional impediment to the Act, regardless of the County's noncompliance with Amendment No. 332.
We are cited to no case on point, that is, one involving a fee challenged solely on the basis of § 104(24). Such challenges have traditionally involved Ala. Const. 1901, § 96, or both § 104(24) and § 96. Section 96 provides: "The legislature shall not enact any law not applicable to all the counties in the state, regulating [1] costs and charges of courts, or [2] fees, commissions or allowances of publicofficers." (Emphasis added.)
Unlike § 104(24), § 96 is composed of two clauses, each representing a separate principle. Clause two, which prohibits local laws "regulating . . . fees, commissions or allowances of public officers," is substantively identical to § 104(24). In other words, § 104(24) and clause 2 of § 96 are identical in meaning. See House, 593 So.2d at 72 (a recurring phrase in a constitution will be "`interpreted to have the same meaning' throughout"). However, clause one, which involves "costs and charges of courts," renders § 96 broader than § 104(24). See Jackson v. Sherrod,207 Ala. 245, 247, 92 So. 481, 483 (1921). Because Yellow Dog makes no § 96 argument, we are not presented with any issue concerning clause one, that is, whether the Fee is a "cost [or] charge of court." However, in deciding whether the Act violates *Page 43 
§ 104(24), we are informed by cases discussing clause 2 of § 96.
Green v. Austin, 425 So.2d 411 (Ala. 1982), for example, involved a challenge to three local acts, which "authorized the courts of Blount County to levy additional charges to be applied to expenses relating to service of process by the sheriff's department and to expenses incurred in the maintenance of the county jail building." House, 593 So.2d at 77 (discussing Green). The challenge was based on both § 96 and § 104(24). On the subject of clause 2 of § 96 and § 104(24), the Court stated:
 "[A]t the time the Constitution of 1901 was ratified many public officials, including court officials, were compensated from the fees, costs, and charges of court. At the present time, most public officials, and all judicial officers, are compensated by salaries and not from fees, percentages, and allowances accruing from the costs and charges of courts. Accordingly, since no issue was presented respecting the fees, percentages, and allowances of public officers, the trial court did not deem it necessary to address this claim of constitutional violation."
Green, 425 So.2d at 413 (emphasis added). The Court, nevertheless, went on to hold that the acts purporting to authorize the "additional charges" violated the costs-and-charges-of-courts clause of § 96. Id. at 412, 415.
In Opinion of the Justices No. 154, 264 Ala. 181, 86 So.2d 1 (1956), "this Court addressed the constitutionality of a proposed bill that would have required a $1 recording fee on all instruments filed in the Mobile County Probate Office `affecting the title to real and personal property.'" Norton v. Mobile County, 562 So.2d 503, 505 (Ala. 1990) (discussing Opinion of the Justices No. 154). The Court considered the validity of the proposed legislation within the context of both clauses of § 96. As to clause two, the Court said:
 "We think it is . . . clear that the special recording fees provided for in the bill do not constitute `fees, commissions or allowances of public officers' within the meaning of [clause two of] § 96 of the Constitution. The recording fees provided for in the bill are not to be paid to any public officer but, as heretofore indicated, are required to be held in the county treasury in a special fund and expended only for the purpose of effecting the installation and maintenance of the improved indexing and recording system."
Opinion of the Justices No. 154, 264 Ala. at 182-83, 86 So.2d at 3
(emphasis added). See Brandon v. Askew, 172 Ala. 160, 167-68, 54 So. 605,608 (1911) (section 104(24) contemplates compensation in the form of "allowances," which are synonymous with "fees, costs, commissions, and percentages"; thus, the section does not regulate compensation of public officers by salary); see also Birmingham Elec. Co. v. Harry, 215 Ala. 458,459, 111 So. 41, 42 (1926) (saying in dicta that "allowances for clerical help" are not compensation to the public officer indirectly benefited thereby, and, therefore, are not within the scope of clause 2 of § 96).
As these opinions suggest, not every fee collected by a public officer pursuant to a local law violates § 104(24). Instead, the validity of the fee depends on the use to which the proceeds from the fee are put. Section § 104(24) regulates (1) compensation (2) to public officers in the form of (3) "fees, percentages, or allowances." If, therefore, the fee is not paid to the officer as compensation in that manner, it does not offend § 104(24).
The Fee at issue here is not paid to the probate judge as compensation, or otherwise for his use. It is to be used to *Page 44 
upgrade and modernize the probate office. Simply stated, § 104(24) has nothing to do with this case. Because § 104(24) is not offended, Amendment No. 332 is not implicated. Consequently, it is immaterial — for the purposes of this appeal — that the Fee was implemented without a referendum election.
We reiterate that Yellow Dog does not contend that the Fee implicates Amendment No. 332 in connection with clause one of § 96. Therefore, we express no opinion on that issue. We do hold, however, that the Fee is not within the scope of § 104(24); that compliance with Amendment No. 332 was, therefore, unnecessary; and that, in the context of the arguments presented in this case, the Fee is valid.
For these reasons, the trial court did not err in entering a summary judgment in favor of the County. That judgment is, therefore, affirmed.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, and STUART, JJ., concur.
MOORE, C.J., and JOHNSTONE and HARWOOD, JJ., dissent.