The plaintiffs Allen Revival Center of Faith, Inc. ("Allen Revival"), and Frederick Allen appeal a summary judgment in favor of the defendant Wilson Avenue Baptist Church, Inc. ("Wilson Avenue"), a partial summary judgment in favor of the defendants Clifton Enlers and Dorothy Enlers ("the Enlerses") with respect to Allen Revival and Frederick Allen's claim gainst the Enlerses seeking to redeem a parcel of real property from foreclosure, and an order dismissing Allen Revival and Frederick Allen's claims of conversion, detinue, trespass, and wrongful eviction and abuse of process against the Enlerses. Because we lack jurisdiction, we dismiss the appeal with respect to the summary judgment in favor of Wilson Avenue and the partial summary judgment in favor of the Enlerses. We affirm the order dismissing Allen Revival and Frederick Allen's claims of conversion, detinue, trespass, and wrongful eviction and abuse of process against the Enlerses.
In 1995, Allen Revival purchased a parcel of real property ("the property") in Mobile County from Wilson Avenue. Wilson Avenue financed a portion of the purchase price, and Allen Revival executed a promissory note evidencing its obligation to pay that portion of the purchase price. *Page 129 
Wilson Avenue conveyed the property to Allen Revival by vendor's lien deed; the vendor's lien retained by Wilson Avenue in the deed secured the payment of the promissory note by Allen Revival. The deed contained a power of sale authorizing Wilson Avenue to foreclose Allen Revival's interest in the property if Allen Revival defaulted in the payment of the promissory note or in performing any of the obligations imposed upon it by the vendor's lien deed. The power of sale required Wilson Avenue to give Allen Revival 30 days' notice of the foreclosure sale.
Following a default in payment of the promissory note by Allen Revival, Wilson Avenue, in 2002, gave Allen Revival 21 days' notice that it would foreclose Allen Revival's interest in the property by selling the property at a foreclosure sale on July 25, 2002. At the foreclosure sale on July 25, Wilson Avenue purchased the property. On July 30, 2002, Wilson Avenue conveyed the property to the Enlerses. In August 2002, the Enlerses took possession of the property.
In January 2003, Allen Revival and Frederick Allen sued Wilson Avenue and the Enlerses.[1] Allen Revival and Frederick Allen alleged two claims against Wilson Avenue. Both claims alleged that the foreclosure was wrongful because Wilson Avenue did not give Allen Revival 30 days' notice of the foreclosure sale as required by the vendor's lien deed. One of the claims sought an award of damages, while the other sought an order setting aside the foreclosure.
Allen Revival and Frederick Allen alleged five claims against the Enlerses. The first claim alleged that Allen Revival was entitled to redeem the property and sought an order requiring the redemption. The second claim alleged that, when the Enlerses took possession of the property in August 2002, they also took possession of some of Allen Revival and Frederick Allen's personal property that was located on the property and thereby converted it. As relief for that alleged conversion, the second claim sought an award of damages. The third claim sought to recover possession of that personal property under a theory of detinue. The fourth claim alleged that, when the Enlerses took possession of the property in August 2002, they did so by forcibly entering the property while Allen Revival and Frederick Allen were still in possession and by physically removing Allen Revival and Frederick Allen from the property. According to the fourth claim, the Enlerses' forcible entry and physical removal of Allen Revival and Frederick Allen constituted a trespass for which the Enlerses were liable for damages. Finally, the fifth claim alleged that the manner in which the Enlerses had evicted Allen Revival and Frederick Allen from the property was wrongful and constituted an abuse of process. As relief, the fifth claim sought an award of damages.
Wilson Avenue and the Enlerses answered Allen Revival and Frederick Allen's complaint, and Wilson Avenue asserted a counterclaim against Allen Revival and Frederick Allen in which Wilson Avenue sought a judgment declaring that the foreclosure was valid. In addition, Wilson Avenue asserted a cross-claim against the Enlerses, and the Enlerses asserted a cross-claim against Wilson Avenue. Wilson Avenue's cross-claim against the Enlerses sought to reform the warranty regarding title in the deed by which Wilson Avenue had conveyed the property to the Enlerses to except Allen Revival's right to redeem the property from that warranty. *Page 130 
The Enlerses' cross-claim against Wilson Avenue sought an award of damages in the event the conveyance of the property to the Enlerses was set aside.
On February 11, 2005, Wilson Avenue moved for a summary judgment with respect to the issues whether the foreclosure was valid and whether Allen Revival and Frederick Allen were entitled to redeem the property.[2] Wilson Avenue asserted that it was entitled to a summary judgment with respect to the issue whether the foreclosure was valid because, Wilson Avenue said, § 35-10-8, Ala. Code 1975, authorized it to sell the property at a foreclosure sale upon giving Allen Revival only 21 days' notice of the foreclosure sale despite the provision in the power of sale in the vendor's lien deed requiring it to give 30 days' notice.[3] Wilson Avenue asserted that it was entitled to a summary judgment with respect to the issue whether Allen Revival was entitled to redeem the property because, Wilson Avenue said, Allen Revival had not exercised its right to redeem within a year after the foreclosure sale as required § 6-5-248(b), Ala. Code 1975.
Following a hearing regarding Wilson Avenue's summary-judgment motion on May 6, 2005, the trial court, on July 26, 2005, entered a written order ("the July 26 order") with respect to Wilson Avenue's summary-judgment motion. The July 26 order granted the summary-judgment motion with respect to the issue whether the foreclosure was valid, denied the summary-judgment motion with respect to the issue whether Allen Revival was entitled to redeem the property, and certified the summary judgment with respect to the issue whether the foreclosure was valid ("the summary judgment")[4] as a final *Page 131 
judgment pursuant to Rule 54(b), Ala. R.Civ. P.[5] Allen Revival and Frederick Allen neither filed a postjudgment motion with respect to the July 26 order nor filed a notice of appeal within 42 days after the entry of the July 26 order.
On July 13, 2005, the Enlerses filed a third-party complaint against Title Assurance Company ("Title Assurance"), the company that closed the sale of the property from Wilson Avenue to the Enlerses, and Commonwealth Land Title Insurance Company ("Commonwealth"), the company that insured the Enlerses' title to the property. The Enlerses sought to recover damages against Title Assurance and Commonwealth for failing to disclose that Allen Revival and Frederick Allen held a right of redemption when the Enlerses purchased the property from Wilson Avenue.
On July 19, 2005, Wilson Avenue moved the trial court to dismiss the Enlerses' cross-claim against Wilson Avenue on the ground that that cross-claim presupposed that the foreclosure would be held invalid and the trial court, in ruling on Wilson Avenue's summary-judgment motion, had held the foreclosure to be valid. On July 23, 2005, the trial court granted Wilson Avenue's motion to dismiss the Enlerses' cross-claim.
On September 12, 2005, the trial court granted counsel for Allen Revival and Frederick Allen leave to withdraw from representing them. New counsel appeared on behalf of Allen Revival and Frederick Allen on October 24, 2005.
On October 7, 2005, the trial court held a hearing on two motions that had been filed by the Enlerses. One of those motions sought an order compelling Allen Revival and Frederick Allen to respond to the Enlerses' pending discovery requests. The trial court granted that motion and ordered Allen Revival and Frederick Allen to respond to the Enlerses' pending discovery requests by 5:00 p.m. on October 12, 2005.
The other motion the trial court heard on October 7, 2005, was the Enlerses' motion for a partial summary judgment with respect to Allen Revival and Frederick Allen's claim seeking to redeem the property. As one of the grounds of their motion for a partial summary judgment, the Enlerses asserted that Allen Revival and Frederick Allen had forfeited their right to redeem the property by failing to vacate the property within 10 days after the Enlerses delivered a written demand for possession of the property, and they supported their motion with affidavits tending to prove that ground. Allen Revival and Frederick Allen did not submit any evidence in opposition to the Enlerses' motion for a partial summary judgment. On October 12, 2005, the trial court entered a written order ("the October 12 order") granting the Enlerses' motion for a partial summary judgment and certifying that partial summary judgment ("the partial summary judgment") as a final judgment pursuant to Rule 54(b). Allen Revival and Frederick Allen neither filed a post-judgment motion with respect to the October 12 order nor filed a notice of appeal within 42 days after the entry of the October 12 order. *Page 132 
On November 3, 2005, the trial court heard another motion filed by the Enlerses. That motion sought an order dismissing Allen Revival and Frederick Allen's claims of conversion, detinue, trespass, and wrongful eviction and abuse of process against the Enlerses on the ground that Allen Revival and Frederick Allen had not responded to the Enlerses' pending discovery requests.[6] The trial court granted that motion on November 3.
On November 21, 2005, the trial court, upon the Enlerses' motion, dismissed, without prejudice, the Enlerses' third-party claims against Title Assurance and Commonwealth. On December 16, 2005, the trial court, ex mero motu, dismissed any remaining claims that had not been previously adjudicated.
On December 27, 2005, Allen Revival and Frederick Allen filed a notice of appeal to the supreme court. No other parties appealed or cross-appealed. The supreme court, pursuant to §12-2-7(6), Ala. Code 1975, transferred Allen Revival and Frederick Allen's appeal to this court.
As a threshold matter, Wilson Avenue and the Enlerses challenge this court's jurisdiction to review the summary judgment and the partial summary judgment. They argue that this court does not have jurisdiction because the summary judgment and the partial summary judgment were final judgments and Allen Revival and Frederick Allen did not file notices of appeal within 42 days after the entry of the summary judgment and the partial summary judgment as required by Rule 4(a)(1), Ala. R.App. P.
In response, Allen Revival and Frederick Allen argue that this court does have jurisdiction to review the summary judgment and the partial summary judgment because, they say, the summary judgment and the partial summary judgment were not final judgments because, they say, the trial court's certifications of the summary judgment and the partial summary judgment as final judgments were not valid for two reasons. First, they argue, the certifications were not valid because the trial court did not state the reasons why it found there was no just reason to delay certifying the summary judgment and the partial summary judgment as final judgments. However, the trial court was not required to state its reasons. See Schneider Nat'l Carriers,Inc. v. Tinney, 776 So.2d 753, 756 (Ala. 2000). Although this court, in Brown v. Whitaker Contracting Corp.,681 So.2d 226 (Ala.Civ.App. 1996), held that a trial court, in addition to making a finding that there is no just reason to delay certifying the interlocutory judgment as a final judgment, must also state the reasons why it finds there is no just reason to delay the certification, the supreme court, in SchneiderNational Carriers, Inc. v. Tinney, stated: *Page 133 
 "Rule 54(b) does not require a trial court to list the factors it considered in finding that there is no just reason for delay. To the extent that Brown [v. Whitaker Contracting Corp.] conflicts with Rule 54(b), Brown [v. Whitaker Contracting Corp.]
is overruled. . . ."
776 So.2d at 756 n. 3.
[2] Second, Allen Revival and Frederick Allen argue that the trial court's certifications of the summary judgment and the partial summary judgment as final judgments were not valid because the claims adjudicated by the summary judgment and the partial summary judgment were so intertwined with one or more of the claims that remained unadjudicated after the trial court entered the summary judgment and the partial summary judgment that certifying the summary judgment and the partial summary judgment as final judgments created a risk of inconsistent results with respect to one or more of the remaining unadjudicated claims. Although the supreme court has set aside a certification of an interlocutory judgment as final if the judgment adjudicated a claim that was "`so closely intertwined'" with a remaining unadjudicated claim "that there existed an unreasonable risk of inconsistent results should the disposition of the one become final before the other was resolved,"Hillman v. Yarbrough, 936 So.2d 1056, 1061 (Ala. 2006), the certifications of the summary judgment and the partial summary judgment as final judgments in the case now before us did not create a risk of such inconsistent results.
The summary judgment, which ruled that the foreclosure was valid, adjudicated Allen Revival and Frederick Allen's claims against Wilson Avenue and Wilson Avenue's counterclaim against Allen Revival and Frederick Allen because the dispositive issue in those claims and that counter-claim was whether the foreclosure was valid. None of the claims remaining unadjudicated after those claims and that counterclaim were adjudicated by the summary judgment required an adjudication regarding the validity of the foreclosure. Therefore, the claims adjudicated by the summary judgment were not so intertwined with the remaining unadjudicated claims that the certification of the summary judgment as a final judgment created a risk of an inconsistent result with respect to one or more of the remaining unadjudicated claims.
The partial summary judgment adjudicated Allen Revival and Frederick Allen's claim against the Enlerses seeking redemption of the property. None of the claims remaining unadjudicated after the adjudication of that claim by the partial summary judgment required a determination regarding whether Allen Revival and Frederick Allen were entitled to redeem the property. Therefore, the claim adjudicated by the partial summary judgment was not so intertwined with the remaining unadjudicated claims that the certification of the partial summary judgment as a final judgment created a risk of an inconsistent result with respect to one or more of the remaining unadjudicated claims. Accordingly, we cannot set aside the trial court's certifications of the summary judgment and the partial summary judgment as final judgments on the basis of Allen Revival and Frederick Allen's second argument.
Thus, because Allen Revival and Frederick Allen did not file notices of appeal within 42 days after the entry of the summary judgment and the partial summary judgment, this court does not have jurisdiction to review the summary judgment or the partial summary judgment. See Rule 4(a), Ala. R.App. P., andGunnisonMack v. Alabama State Pers. Bd., 923 So.2d 319,321 (Ala.Civ.App. 2005). Accordingly, we dismiss Allen Revival Andrews *Page 134 
Frederick Allen's appeal insofar as it seeks review of the summary judgment and the partial summary judgment. See
Rule 2(a)(1), Ala. R.App. P., and GunnisonMack,923 So.2d at 321.
Allen Revival and Frederick Allen argue that the trial court erred in dismissing their claims of conversion, detinue, trespass, and wrongful eviction and abuse of process against the Enlerses because, they say, (1) the record does not establish that they were served with either the Enlerses' motion to compel or their motion to dismiss those claims; (2) Allen Revival and Frederick Allen did not willfully fail to respond to the Enlerses' discovery requests; and (3) dismissal of those claims is too harsh of a sanction for Allen Revival and Frederick Allen's failure to respond to the Enlerses' discovery requests. However, the record does not indicate that any of these arguments were presented to the trial court either before or after the trial court dismissed the claims of conversion, detinue, trespass, and wrongful eviction and abuse of process. Even if Allen Revival had no notice of the Enlerses' motion to compel and the Enlerses' motion to dismiss Allen Revival and Frederick Allen's claims of conversion, detinue, trespass, and wrongful eviction and abuse of process until after the trial court dismissed those claims, Allen Revival and Frederick Allen had the opportunity after the dismissal to file a motion challenging the dismissal of those claims in the trial court on the basis of the arguments now presented on appeal. SeeGreen v. Taylor, 437 So.2d 1259 (Ala. 1983). However, Allen Revival and Frederick Allen elected to appeal the dismissal of those claims without first challenging the dismissal in the trial court on the basis of the arguments they now present on appeal. This court "will not `reverse a trial court's judgment based on arguments not presented to the trial court. . . .'"Yellow Dog Dev. LLC v. Bibb County, 871 So.2d 39, 41
(Ala. 2003) (quoting Brown v. Wal-Mart Stores, Inc.,864 So.2d 1100, 1104 (Ala.Civ.App. 2002)).
Rule 52(b), Ala. R. Civ. P., does not relieve Allen Revival and Frederick Allen of their obligation to object in the trial court to the dismissal of their claims of conversion, detinue, trespass, and wrongful eviction and abuse of process in order to preserve for our review the issue whether the trial court erred in dismissing those claims. Rule 52(b), by its terms, applies only to findings of fact made by a trial judge following a benchtrial.[7] Although in Ex parte James,764 So.2d 557 (Ala. 1999), a plurality of the supreme court was willing to construe an award of attorneys' fees by a trial judge following a bench trial as tantamount to a finding of fact following a bench trial and, therefore, that it was governed by Rule 52(b), that plurality holding has no application to a dismissal before trial. Moreover, because the opinions in Stephenson v. Merrill Lynch, Pierce, Fenner Smith, Inc., 940 So.2d 307, 308-09
(Ala.Civ.App. 2006); Radford v. Radford, 917 So.2d 155
(Ala.Civ.App. 2005); and Brown v. Brown, 896 So.2d 573
(Ala.Civ.App. 2004), do not state that the appellants in those cases had not objected to the dismissal of their actions in the trial court before appealing to the appellate court, those cases do not constitute *Page 135 
precedent for holding that a plaintiff is not obligated to object to the dismissal of his action in the trial court in order to preserve for appellate review the issue whether the trial court erred in dismissing the action. Accordingly, we affirm the trial court's dismissal of Allen Revival and Frederick Allen's claims of conversion, detinue, trespass, and wrongful eviction and abuse of process against the Enlerses.
APPEAL DISMISSED IN PART; AFFIRMED IN PART.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., dissents, without writing.
[1] Because the parties do not address the issue whether Frederick Allen had standing to sue Wilson Avenue and the Enlerses, we express no opinion regarding that issue.
[2] The dispositive issue regarding Allen Revival and Frederick Allen's claims against Wilson Avenue and Wilson Avenue's counterclaim against Allen Revival and Frederick Allen was whether the foreclosure was valid. Allen Revival and Frederick Allen asserted their claim seeking redemption of the properly against only the Enlerses. Consequently, the issue whether Allen Revival was entitled to redeem the property was not dispositive of either Allen Revival and Frederick Allen's claims against Wilson Avenue or Wilson Avenue's counterclaim against Allen Revival and Frederick Allen.
[3] Section 35-10-8 states:
 "Notice of [a foreclosure sale under a power of sale] shall be given in the manner provided in such mortgage or deed of trust or in this Code in the county where the mortgagor resides and the land, or a part thereof, is located; but, if said mortgagor does not reside in the county where the land or any part thereof is located then such notice must be published in the county where the land, or any material part thereof, is located; provided that notice of all sales under powers of sale contained in mortgages and deeds of trust executed after Julv 1, 1936, where the amount secured is $500.00 or more, shall be given by publication once a week for three successive weeks in some newspaper published in the county in which such land or any portion thereof is situated, and said notice of sale must give the time, place and terms of said sale, together with a description of the property to be sold."
A vendor's lien is encompassed by the term "mortgage."See § 6-5-247(2), Ala. Code 1975.
[4] Despite its denial of the summary-judgment motion with respect to the issue whether Allen Revival was entitled to redeem the property, the July 26 order, by granting the summary-judgment motion with respect to the issue whether the foreclosure was valid, adjudicated Allen Revival and Frederick Allen's claims against Wilson Avenue and Wilson Avenue's counterclaim against Allen Revival and Frederick Allen.See footnote 2, supra. Although the July 26 order entered only a partial summary judgment in favor of Wilson Avenue because it did not adjudicate Wilson Avenue's cross-claim against the Enlerses, we refer to it as "the summary judgment" for convenience in distinguishing it from the partial summary judgment in favor of the Enlerses.
[5] The pertinent portion of Rule 54(b) states: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . ."
[6] As noted above, the original counsel for Allen Revival and Frederick Allen withdrew on September 12, 2005, and new counsel appeared on October 24, 2005, The certificate of service on the Enlerses' motion to dismiss Allen Revival and Frederick Allen's claims of conversion, detinue, trespass, and wrongful eviction and abuse of process against the Enlerses indicates that that motion was served on Allen Revival and Frederick Allen's original counsel on October 4, 2005, which was after he had withdrawn. The certificate of service on that motion does not indicate that it was served on Allen Revival or Frederick Allen. Moreover, the record does not contain any indication that that motion was served on new counsel for Allen Revival and Frederick Allen after he appeared on October 24. Furthermore, the record does not indicate whether Allen Revival and Frederick Allen or their new counsel appeared al the hearing regarding that motion on November 3, 2005.
[7] In pertinent part, Rule 52(b) provides:
 "When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial."
(Emphasis added.)