SHAW, Justice
(concurring specially).
In the trial court, the pro se plaintiff, Sandra Bell, attacked two acts of the legislature, Act No. 2012-275 and Act No. 2012-276, Ala. Acts 2012, which allowed for a vote of the electorate on what were styled as two constitutional “amendments” altering Article XII and Article XIII of the Alabama Constitution of 1901. Although the legislature may adopt an act submitting to the electorate an amendment to the constitution, see Ala. Const.1901, Art. XVIII, § 284, it may not adopt an act submitting to the electorate a new constitution, because that must be done by a constitutional convention, see Ala. Const.1901, Art. *671 XVIII, § 286. State v. Manley, 441 So.2d 864 (Ala.1983).
The defendants raised numerous issues in the trial court, including: that the case was barred by the legislative immunity of all the défendants, that the case was moot, and that there had been no violation of § 284 and § 286. None of these issues are challenged on appeal.[1] Instead, in her brief, Bell challenges only Act No. 2011-197, Ala. Acts 2011, a Senate Joint Resolution that created the Constitutional Revision Commission, the entity that recommended Act Nos. 2012-275 and 2012-276 to the legislature.
“When an appellant confronts an issue below that the appellee contends warrants a judgment in its favor and the trial court’s order does not specify a basis for its ruling, the omission of any argument on appeal as to that issue in the appellant’s principal brief constitutes a waiver with respect to the issue.”
Fogarty v. Southworth, 953 So.2d 1225, 1232 (Ala.2006). See also Tucker v. Nichols, 431 So.2d 1263,1265 (Ala.1983) (“[T]he appellant has an affirmative duty of showing error upon the record.”), and Rule 28(a)(10), Ala. R.App. P. (providing that an appellant’s brief shall contain an argument “with respect to the issues presented”). Because Bell has elected not to address the issues upon which the defendants relied in the trial court (immunity, mootness, and lack of merit), she has waived those issues for purposes of appeal. We cannot address those issues on Bell’s behalf: “[T]his Court will not ‘reverse a trial court’s judgment ... based on arguments not made to this [Cjourt.’ Brown v. WalMart Stores, Inc., 864 So.2d 1100, 1104 (Ala.Civ.App.2002). This principle applies with particular force to issues involving the constitutionality of a statute.” Yellow Dog Dev., LLC v. Bibb Cnty., 871 So.2d 39, 41-42 (Ala.2003) (citations omitted). Bell’s failure to attempt to show why the case is not barred by legislative immunity, why it is not moot, and why Act No. 2012-275 and Act No. 2012-276 are unconstitutional requires that the judgment of the trial court be affirmed.
As to the issue whether the Senate Joint Resolution creating the Constitutional Revision Commission sets up a scheme that is unconstitutional under the rationale of Manley, supra, I note that joint resolutions are not law.
“A resolution such as this one is not a law.... The Legislature has no power to make or change law by resolution. Art. IV, § 61, Ala. Constitution (‘No law shall be passed except by bill....’); Gunter v. Beasley, 414 So.2d 41 (Ala.1982). Whatever the Legislature may have intended by Resolution 99-94 is irrelevant to our resolution of the issues presented on this appeal. The controlling law here is that expressed in the applicable ... acts. See Opinion of the Justices No. 275, 396 So.2d 81 (Ala.1981); Opinion of the Justices No. 265, 381 So.2d 183 (Ala.1980) (a statute cannot be amended by a joint resolution of the Legislature).”
Laidlaw Transit, Inc. v. Alabama Educ. Ass’n, 769 So.2d 872, 883 (Ala.2000). The legislature, however, is by no means bound by the commission, which has no power or authority: it only makes recommendations. The commission might recommend to the legislature an act to propose a constitutional change that violates § 284 of the constitution, or it might recommend an act that does not violate § 284. It is the legislature’s adoption of the recommended act that might be unconstitutional. The focus is not on “[wjhatever the Legislature *672 may have intended” by its resolution; instead, the “controlling law here is that expressed in the applicable ... acts,” namely, Act No. 2012-275 and Act No. 2012-276. It was the legislature, not the commission, that purportedly attempted to revise or amend the constitution. Act No. 2011-197 could not change the law or constitution because it is itself a resolution; it is not a law. Instead, Act No. 2012-275 and Act No. 2012-276 changed the law and the constitution, but they are not challenged on appeal.

. As the defendants argued in the trial court, the acts in question did not propose an entirely new constitution. As discussed below, whether the acts submitted mere amendments, something more, or something impermissible, is not at issue in this appeal.